291 So.2d 654 (1974)
Richard David FIELD, Appellant,
v.
Annette Featherstone FIELD, Appellee.
No. 73-608.
District Court of Appeal of Florida, Second District.
March 22, 1974.
Clinton A. Curtis and Jack P. Brandon of Woolfolk, Myers, Curtis, Craig & Crews, Lake Wales, for appellant.
Thomas A. Smith, Tampa, for appellee.
BOARDMAN, Judge.
The marriage of the parties to this action was terminated in 1967 by a final judgment of divorce. At that time alimony was set at $750.50 per month and child support at $500.50. On May 23, 1968, alimony payments were reduced to $500 per month by an order of the trial court. Subsequently the wife moved for an order of contempt and the husband moved to reduce alimony payments. The trial court issued an order denying the husband's petition and stayed contempt proceedings conditioned upon the husband paying $201 per week in alimony and child support.
In November, 1972, the husband petitioned for a modification of alimony and child support setting forth certain changes in circumstances as grounds. The trial judge entered an order establishing the temporary amount of $201 per week as the amount of the husband's obligation. The husband filed timely appeal from this order.
We have carefully considered the points raised by the appellant, husband, and find them to be without merit.
The appellee, wife, filed cross-assignments of error. Her attack on the reduction of alimony and child support is without merit. The trial court's order of reduction of alimony appears to be consistent with the discretion allowed a trial judge in the premises.
We do, however, find merit in her attack on that part of the order appealed from which changed the termination date of child support payments from age 21, as provided in the final judgment of divorce, to age 18. This modification, apparently made by the trial court sua sponte, is a misinterpretation of the applicable law. Chapter 73-21, Laws of Florida, provides that the change in the minimum age of majority is to operate prospectively and not retrospectively and is not to affect *655 pre-existing rights. The change in the instant case is not justified by the record and must be reversed.
Affirmed in part; reversed in part.
HOBSON, A.C.J. and GRIMES, J., concur.