296 So.2d 66 (1974)
James Westbrook ACKERLY, Appellant,
v.
Dee Glance ACKERLY, Appellee.
No. 73-1004.
District Court of Appeal of Florida, Second District.
June 21, 1974.
Robert J. Elkins, of Lee & McGill, Sarasota, for appellant.
C. Eugene Jones, of Ginsburg, Ross, Dent & Byrd, Sarasota, for appellee.
HOBSON, Judge.
Appellant filed a petition to modify final judgment of divorce awarding child support and alimony on the ground that appellee, since the final judgment, has become employed and is capable of supporting herself. Appellant also contends that the children of the parties are now over 18 years of age, employed full time and are self-supporting.
The trial court ordered appellant to continue making child support payments for the 18 year old son for a period of nine months and to continue making the alimony payments. Appellant also contests the awarding of attorney fees to appellee's attorney.
As to the continuation of alimony payments, the trial court correctly considered all of the factors set forth in Scott v. Scott, Fla.App.2d 1973, 285 So.2d 423. Therefore, we cannot say that the lower court abused its discretion in denying the motion to modify the alimony.
As to child support, the testimony revealed that the 18 year old child, though *67 employed, was terminating his employment to further his education. As was held in Field v. Field, Fla.App.2d 1974, 291 So.2d 654, the mere fact that the child has reached the age of majority of 18 is not retroactive and does not terminate the pre-existing rights of the child.
We have considered the question as to the granting of attorney fees and find appellant's contention to be without merit.
Affirmed.
MANN, C.J., and BOARDMAN, J., concur.