305 So.2d 63 (1974)
Freeman J. NEVINS, Appellant,
v.
Betty B. NEVINS, Appellee.
No. 73-1382.
District Court of Appeal of Florida, Third District.
November 12, 1974.
Rehearing Denied January 9, 1975.
*64 Jepeway, Gassen & Jepeway, Miami, for appellant.
Sinclair, Louis & Siegel, Neil A. Shanzer, James F. Dougherty, II, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Petitioner-appellant seeks review of the award of partial lump sum alimony, permanent alimony and child support contained in the final judgment of dissolution of marriage.
Petitioner husband, after some 24 years of marriage, filed his petition for dissolution of marriage on August 21, 1972. Respondent wife answered and cross-petitioned for dissolution of marriage. After a hearing was held thereon, the chancellor found (1) the parties were married in 1948 and had two children, one son 22 and emancipated and another son, 18 years old who is living at home with his mother and is attending junior college; (2) respondent wife was and is a homemaker and mother and has not worked for over 22 years and has no assets in her name; (3) petitioner husband is employed as a vice president of a major financial institution and earns approximately $18,000 per year; (4) in 1963 the parties acquired as tenants by the entireties the marital residence; (5) the petitioner-appellant received a recent inheritance of $9,000 and will receive at least $12,000 more and, in addition, he will receive a pension when he retires at age 65; (7) the younger son who is living at home has an emotional problem which is being treated by a psychiatrist with the father's approval; and (8) the marriage is irretrievably broken.
Based upon the above findings the chancellor entered his order dissolving the bonds of marriage between petitioner and the respondent and awarding to the respondent-appellee custody of the minor son, petitioner-appellant's interest in the marital residence as partial lump sum alimony, $300 per month permanent alimony, $200 per month for child support, and one of the two automobiles owned by appellant. Appellant husband appeals therefrom.
We conclude that the appellant has failed to demonstrate that the chancellor abused his discretion in awarding to the respondent-appellee partial lump sum alimony, permanent periodic alimony, and one of the two automobiles owned by the appellant. Nevertheless, we are persuaded that the award of $200 per month as child support constituted an abuse of discretion. We note that on June 1, 1973, the date of the entry of the judgment in the case sub judice, the younger son, Mark, who was 18 years old, had not attained majority status as Section 743.07, Fla. Stat. which removed the disability of nonage for all persons who are 18 years of age or older, did not become effective until July 1, 1973. This statute being prospective in application and having no impact on obligations existing prior to the effective date thereon, the chancellor was correct in awarding child support for the 18 year old son in the case sub judice. See Finn v. Finn, Fla.App. 1974, 294 So.2d 57; Ackerly *65 v. Ackerly, Fla.App. 1974, 296 So.2d 66. However, we believe that $200 per month for child support is somewhat excessive in that appellant's take home pay being approximately only $1,000 a month, the $300 monthly alimony of appellee ex-wife who was awarded the marital residence added to the $200 per month child support equals one-half of appellant's net monthly salary. Thus, we conclude that $100 per month as child support would be more equitable under the circumstances in the case sub judice.
Accordingly, we hereby reverse that portion of the final judgment pertaining to the award of child support and remand the cause to the chancellor with directions to reduce the same to $100 per month. In all other respects the judgment herein appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.