SMITH, CULVER, Associate judge.
This is an interlocutory appeal from a post-judgment order entered May 1, 1974, holding appellant, husband, in contempt of court because of his voluntary termination of child support on July 1, 1973, for his 18 year old daughter, Pamela.
The final judgment dissolving the marriage between the parties entered August 4, 1972, states in paragraph four as follows:
“Respondent (husband) shall pay $1,150.-00 per month to Petitioner as alimony and child support, allocated as $450.00 for alimony and $700.00 for child support, commencing August 10, 1972.”
On July 1, 1973, Florida Statute § 1.-01(14) changed the definition of “majority” and “minority” so that a minor was defined as “a person who has not attained the age of 18 years”. Florida Statute § 1.-01(14) provides:
“Section 1. Subsection (14) of Section 1.01, Florida Statutes, is created to read:
“1.01 Definitions
“In construing these statutes and each and every word, phrase or part hereof, where the context will permit:
“(14) The word ‘minor’ includes any person who has not attained the age of 18 years.
“Section 2.
“The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the Constitution of the State of Florida immediately preceding the effective date of this act. Provided, however, this act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and provided further that any crippled child as defined in chapter 391, Florida Statutes, shall receive benefits under the provisions of said chapter until age 21, the provisions of this act to the contrary notwithstanding.
“Section 3.
“This act shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to the effective date of this act.”
*817 On that date the appellant terminated payment of child support for his daughter, Pamela, since she had already reached the age of 18. In addition, he refused to pay her medical bills subsequent to July 1, 1973. Appellee brought a petition in the court below to enforce the final judgment. The trial judge found that appellant’s obligation to support Pamela did not terminate upon her reaching 18, but continued until she attained the age of 21 years.
The basic question in the instant appeal which must be resolved is whether the quoted statute serves to limit appellant’s liability for child support to when each child reaches 18, or whether that liability continues for each child until it becomes 21, the age of majority under the law in effect at the time of the entry of the final judgment dissolving the marriage.
There have been conflicting decisions in the appellate courts of this state bearing on this problem. On March 22, 1974, the Second District Court of Appeal, in the case of Field v. Field, 291 So.2d 654, held that the trial court was in error when it entered an order which changed the termination date of child support payments from age 21, as provided in the final judgment, to age 18.
In an opinion entered December 13, 1974, this court in Dalton v. Dalton, 304 So.2d 511 (Judge Walden dissenting) held that where an original contractual agreement between the parties did not fix the date for termination of child support at a stated age, the obligation of the father terminated when the child reached 18 years, although the agreement was entered into at a time when the age of majority was 21.
On November 12, 1974 (Rehearing denied January 9, 1975), the Third District Court of Appeal in the case of Nevins v. Nevins, 305 So.2d 63, held:
“We note that on June 1, 1973, the date of the entry of the judgment in the case sub judice, the younger son, Mark, who was 18 years old, had not attained majority status as Chapter 743.07, Fla. Stat.Laws of Florida, which removed the disability of nonage for all persons who are 18 years of age or older, did not become effective until July 1, 1973. This statute being prospective in application and having no impact on obligations existing prior to the effective date thereon, the chancellor was correct in awarding child support for the 18 year old son in the case sub judice.”
Other cases have been cited by counsel in their briefs which bear upon the issue. It now seems, however, that the conflicts have been put to rest by the Supreme Court of Florida’s decision in the case of Daugherty v. Daugherty, 308 So.2d 24. The opinion in this case was filed January 22, 1975. A timely petition for rehearing was made, which was denied in March, 1975.In that case there was a property settlement agreement which provided for payment of child support. It further provided that as each child attained the age of majority, the payment would be reduced. When Florida Statute § 1.01(14) became effective, the husband terminated support payments for the 19 year old child of the parties. The trial court held that by operation of law, the husband’s obligation to make support payments to the 19 year old then ended. The Third District Court of Appeal reversed. The Florida Supreme Court, in affirming the holding of the Third District Court referred to Florida Statute § 1.01(14) and stated:
“Nothing contained in Section 2 prohibits support payments to one over 18 years.
“Section 3 clearly states that the provisions of this statute were to be construed prospectively and not retrospectively.
“It is the view of this Court that the Legislature was most explicit in determining not to disturb previous orders of support. To have done otherwise would have caused court review of innumerable cases, disruption of family budgets, eduction, and other plans.
“It is hardly conceivable that husband-petitioner herein could have anticipated *818 the age reduction by the Legislature and intended support only to the reduced age of 18.
“Accordingly, the decision of the District Court of Appeal is approved.”
We, therefore, affirm the holding of the lower court as to the responsibility of the appellant for child support. Appellee has filed a motion for award of attorneys’ fees. We find that she is entitled to an award of reasonable attorneys’ fees for the services of her attorneys on this appeal, the amount of which shall be set by the trial court.
In view of the apparent conflict in decisions as mentioned in this opinion, the trial court is directed to reconsider the question of contempt findings, to be based on the future progess of the case.
Affirmed and remanded for further proceedings in accordance with the holding herewith.
WALDEN and MAGER, JJ., concur.