McCORD, Judge.
Certiorari was taken to the Supreme Court from this court’s opinion in this cause — Crumpton v. Crumpton, Fla.App. (1st), 314 So.2d 233 (1975). The Supreme Court on March 25, 1976, issued its mandate on its order of February 12, 1976, in which it stated:
“. . . this cause is remanded to the District Court of Appeal, First District for reconsideration in the light of our decision in Finn v. Finn, 312 So.2d 726 (Fla.1975).”
The facts and status of this case are set forth in our previous opinion and it would serve no useful purpose to repeat them here. By its order discharging rule to show cause (the order from which appeal was taken to this court), the trial court ruled that respondent (appellee) was no longer obligated to pay child support for the child in question because such child had reached the age of 18 years. The order also found as follows:
“. . . said child of the parties is a full-time student at Pensacola Junior College and is dependent upon the petitioner for support and is not self-supporting . . .”
(The record before us does not contain a transcript of testimony and we, therefore, cannot consider any evidence presented to the trial judge on the question of dependency or appellee’s ability to pay.) It is clear that the order of the trial judge is in error under the subsequent ruling of the Supreme Court in Finn. See also this court’s opinion in Upchurch v. Ely, Fla.App. (1st), 333 So.2d 538, opinion filed this date, not yet reported. We, therefore, recede from our previous opinion in the case sub judice and the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
RAWLS, J., concurs.
BOYER, C. J., dissents.