372 So.2d 178 (1979)
Cecil E. NICHOLSON, Appellant,
v.
Glynn C. NICHOLSON, Appellee.
No. 78-1456.
District Court of Appeal of Florida, Second District.
June 15, 1979.
Ira M. Seidler, St. Petersburg, for appellant.
Wayne O. Smith of Wallace & Smith, St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
On this appeal appellant husband challenges several provisions of the final judgment of dissolution. Specifically, he asserts that the trial court erred in awarding appellee wife $100 per week rehabilitative alimony for 104 weeks, awarding child support in the amount of $50 per week, awarding as lump sum alimony a 1976 Mazda automobile and the marital residence held as tenants by the entirety, and requiring the husband to *179 pay the marital debts including the unpaid balance on the automobile.
Upon review of the record and briefs and having considered the legal issues presented at oral argument, we find one point to have merit. The trial court erred in awarding the wife rehabilitative alimony. While we are hesitant to tread in those areas in which the trial court is accorded a wide latitude of discretion, we are compelled to do so in this case. The financial obligation of approximately $240 per week imposed upon the husband by the court is 86% of his income as shown on his financial statement and about 96% of his present income, which he testified had decreased since the filing of his financial statement due to increased withholding taxes. He is left with $10.50 per week to live on. The alimony award is clearly excessive and constitutes an abuse of discretion. DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978); Santacroce v. Santacroce, 347 So.2d 815 (Fla. 2d DCA 1977); Nevins v. Nevins, 305 So.2d 63 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 33 (Fla. 1976). The parties have accumulated no marital assets other than the home awarded to the wife, which is worth at least $60,000 and has two outstanding mortgages in the amount of $8,500. Thus the wife has over $50,000 equity in the house. In addition she owns fifty-five acres of land in Kentucky, acquired during a prior marriage. There is no question that the wife needs financial assistance from her husband to support herself and their minor child. However, his financial resources are limited to his weekly salary. Under the factual circumstances presented, we conclude that the husband should not be required to pay the wife rehabilitative alimony.
Accordingly, the following paragraph of the trial court's final judgment is stricken:
ORDERED AND ADJUDGED that Glynn C. Nicholson be and she is hereby granted rehabilitative alimony in the amount of $100 per week for a term of 104 weeks, the first of such payments to be made on or before one week from the date of this Final Judgment...[1]
Otherwise the judgment is affirmed.
SCHEB and OTT, JJ., concur.
NOTES
[1] We recognize that the husband has made several alimony payments under this paragraph as originally entered and as modified pending appeal. However, in view of the circumstances here, this opinion is not to be construed as giving the husband the right to recover any monies so paid prior to the issuance of our mandate in this cause.