372 So.2d 988 (1979)
Patricia A. BURGDORF, Appellant,
v.
Robert W. BURGDORF, Appellee.
No. 78-1594.
District Court of Appeal of Florida, Second District.
July 6, 1979.
E. Ronald Bradley of Ellis, Reynolds, Bradley & Lenderman, St. Petersburg, for appellant.
Jack F. White, Jr., Clearwater, and Roger R. Maas, St. Petersburg, for appellee.
RYDER, Judge.
In July 1972, a final judgment of dissolution of marriage was entered awarding custody of the parties' children to the wife and ordering the husband to pay child support commencing August 1, 1972 and continuing thereafter in the amount of $300.00 per month "until the last minor child of the parties shall become sui juris, married or otherwise self-supporting."
The youngest child of the parties became eighteen years of age on September 12, 1977 whereupon the husband ceased making child support payments.
On April 28, 1978, wife filed a motion for contempt and judgment for child support arrearages. She sought to enforce the obligation of appellee to pay child support for the months of September 1977 through April 1978. After hearing, the trial court entered an order denying the motion for contempt judgment for child support arrearages. This timely appeal followed.
The law which governs this case is simple and is found embodied in Section 743.07, Florida Statutes (1973), as set forth below:
"743.07 Rights, privileges and obligations of persons 18 years of age or older. 
(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.
*989 The law is well settled that a divorce decree entered prior to July 1, 1973, which requires a husband to make child support payments to his wife until the minor child in question becomes sui juris, married or otherwise self-supporting, obligates the husband, on the face of the decree, to make child support payments until the child meets one of those tests. The only method by which a husband may absolve himself of such obligation of support prior to the child reaching twenty-one is if he files a motion to modify under Section 61.14, Florida Statutes (1977), and is able to prove the child has since become married or self-supporting. This result was in no way changed by Section 743.07, Florida Statutes (1973), lowering the age of majority to eighteen years, because the statute by its expressed terms does not operate retroactively to alter or change child support awards made prior to July 1, 1973, the effective date of this statute. Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Field v. Field, 291 So.2d 654 (Fla. 2d DCA 1974); Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978); Adams v. Adams, 340 So.2d 1290 (Fla. 3d DCA 1977). To the extent that Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976) reaches a different result, we decline to follow it as being contrary to the established law of this state. Consequently, the order denying wife's motion for contempt and judgment for child support arrearages is hereby REVERSED and the cause is REMANDED with directions for proceedings consistent with this opinion.
REVERSED and REMANDED with directions.
GRIMES, C.J., and DANAHY, J., concur.