388 So.2d 294 (1980)
Tom E. GILMAN, Appellant,
v.
Beverly F. Gilman DOZIER, Appellee.
No. PP-64.
District Court of Appeal of Florida, First District.
September 15, 1980.
Rehearing Denied October 20, 1980.
*295 Tom E. Gilman, in pro. per.
No Appearance, for appellee.
McCORD, Judge.
This is an appeal from an order of the trial court adjudging appellant to be in civil contempt of court for his failure to abide by orders of the court directing that he pay arrearages of child support accrued for the period up to his son's 18th birthday. We reverse.
Appellant makes a three-pronged attack on the contempt order. He contends (1) that since his son has now reached majority (age 18), the trial court lacks jurisdiction to punish appellant for contempt for failure to pay past-due child support, citing Wilkes v. Revels, 245 So.2d 896 (Fla. 1 DCA 1970), (2) that the contempt order cannot stand because the trial judge failed to make an affirmative finding that appellant had the financial ability to pay the support arrearage, citing Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976), and (3) that the trial court erred in failing to consider and allow credit to appellant for funds appellee allegedly unlawfully withdrew from the trust funds set aside for the boys (the parties have another son who was not involved in the contempt proceeding). We disagree with appellant's first and third contentions but agree with his second. According to Faircloth:
... a trial judge must make an affirmative finding that either (1) the petitioner presently has the ability to comply with the order and willfully refuses to do so, or (2) that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
As to the first contention, we agree with the trial court's findings and conclusions of law which are as follows:
Mr. Gilman has persisted in his argument that this Court cannot punish him for contempt for child support sought by the Mother for an offspring brought after the offspring's eighteenth birthday even if it is for child support that accumulated prior to the eighteenth birthday. The Court in its independent study of this matter has become aware of the case of Wilkes v. Revels, 245 So.2d 896 (Fla. 1st D.C.A. 1970). At first blush, the Wilkes case appear [sic] to give credence to Mr. Gilman's position. However, the Court has also discovered the recent case of Burgdorf v. Burgdorf, [372 So.2d 988] 2d D.C.A. 1979. The Burgdorf case discusses the question of the effect of F.S. Section 743.07 (enacted in 1973 and given prospective application from July 1, 1973, forward) in lowering the age of majority from twenty-one to eighteen and found that the statute did not affect dissolutions entered prior to the statute. Since in the instant proceeding the dissolution and original child support provisions were entered long before the enactment of F.S. Section 743.07, it would appear from the rationale of the Burgdorf case that where as in this case the Mother seeks child support enforcement for a child not yet twenty-one years of age, contempt is an appropriate method of enforcement. See *296 also: Crumpton v. Crumpton, 333 So.2d 539 (Fla. 1st D.C.A. 1976).
As a part of his first contention, appellant argues that support will not be ordered for a child over 18 years of age in the absence of a finding of dependency, citing this Court's opinion in Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1 DCA 1976). The ruling in Dwyer, however, has been abrogated by the Supreme Court's ruling in Finn v. Finn, 312 So.2d 726 (Fla. 1975), and this Court's ruling in Crumpton v. Crumpton, 333 So.2d 539 (Fla. 1st DCA 1976). We approve the following statement of the law as contained in the opinion of the District Court of Appeal, Second District, in Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979):
The law is well settled that a divorce decree entered prior to July 1, 1973, which requires a husband to make child support payments to his wife until the minor child in question becomes sui juris, married or otherwise self-supporting, obligates the husband, on the face of the decree, to make child support payments until the child meets one of those tests. The only method by a which a husband may absolve himself of such obligation of support prior to the child reaching twenty-one is if he files a motion to modify under Section 61.14, Florida Statutes (1977), and is able to prove the child has since become married or self-supporting. This result was in no way changed by Section 743.07, Florida Statutes (1973), lowering the age of majority to eighteen years, because the statute by its expressed terms does not operate retroactively to alter or change child support awards made prior to July 1, 1973, the effective date of this statute. Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Field v. Field, 291 So.2d 654 (Fla. 2d DCA 1974); Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978); Adams v. Adams, 340 So.2d 1290 (Fla. 3d DCA 1977).
Appellant has filed no motion to modify under § 61.14, Florida Statutes, but improperly goes outside of the record with a statement in his brief that his son is now in the Air Force and self-supporting. This statement is stricken and disregarded.
As to appellant's third contention, in an order entered prior to the contempt order, the trial court found the evidence to be inconclusive as to the violations of the trust by either party and that any further dispute as to the trust fund should be determined in a proceeding in which the trustee is a party. We find no error on this point.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, C.J., and BOOTH, J., concur.