JOANOS, Judge.
Appellant appeals an order denying her motion to have appellee adjudged in contempt for his failure to make child support payments and to pay certain medical and dental expenses or, in the alternative, to enforce the “Final Judgment of Divorce” as amended. We affirm in part, reverse in part, and remand for enforcement of the “Final Judgment of Divorce” as amended in accordance with this opinion.
Under the terms of a “Final Judgment of Divorce,” as amended in 1968, appellee was required to pay $100 per month, per child, for the two children of the marriage until such time as each child reached majority, died, married or became self-supporting. Appellant, who was granted custody of the children, was required to use medical or dental facilities of the military services, when available, for the care of the minor children. In turn, the appellee, a career serviceman, was required to pay medical and dental expenses for the children over and above the portion provided by the military services, and, when military facilities were not available, to pay all reasonable medical and dental expenses incurred by the minor children.
We first address the question of medical and dental expenses incurred by the minor children. In the proceeding below, appellee denied responsibility for the expenses incurred, contending that appellant had failed to use available military facilities as required by the amended final judgment. On this factual dispute, the court below found that the appellant had failed to establish by competent evidence that military facilities were not available. Thus, under the terms of the amended final judgment, appellee was not responsible for the claimed expenses. We find no error by the trial judge in this regard and so affirm that portion of the order.
On the issue of child support, it is uncontroverted that appellee ceased paying support as each child reached 18 years of age. It is also clear from the record and appellee’s brief that he did not petition the court in accordance with Section 61.14, Florida Statutes (1980) for a modification of the child support order based on either changed circumstances or the financial abilities of the parties. Rather, appellee simply ceased paying the child support under the theory that the children were no longer minors and, thus, were not entitled to such support. The court below agreed, finding that appellee was not required to pay child support after the children reached 18 years of age. We disagree and so reverse that portion of the order.
The age of disability in Florida was reduced from 21 years to 18 years, effective July 1, 1973, by Chapter 73-21, Laws of Florida. In Finn v. Finn, 312 So.2d 726 (Fla.1975) the court noted that Section 3 of Chapter 73-21 provided that the act was to operate prospectively and included a posi *1072 tive disclaimer of any intent to affect obligations existing prior to July 1, 1973. The court then concluded that a “court order previously rendered would not be modified solely by the statute going into effect.” Id. at 730.
In Crumpton v. Crumpton, 333 So.2d 539 (Fla. 1st DCA 1976), on remand from the Florida Supreme Court for reconsideration in light of Finn v. Finn, supra, this Court receded from its previous holding that the obligation to pay child support ceased when the child in question reached the age of 18 years. See also Gilman v. Dozier, 388 So.2d 294 (Fla. 1st DCA 1980) where this Court approved the statement of law in Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2nd DCA 1979) that Section 743.07, Florida Statutes (1973), lowering the age of majority to 18 years, did not affect divorce decrees entered prior to July 1, 1973, when the age of majority was 21 years. Id. at 296.
By this opinion, we are not ruling that child support orders entered prior to July 1, 1973 may not be modified. Nor are we saying that the age of children and their demonstrated need for support are not proper factors to consider in regard to a petition for modification. These factors could be considered in a petition for modification prior to July 1, 1973. The reduced age of majority did not reduce the relevance of these factors. A court receiving a petition for modification under Section 61.-14, Florida Statutes (1980), based on changed circumstances or the financial abilities of the parties, might well consider the age of the children and their attendance of college along with other factors in arriving at its decision. However, in this case there was no such petition. Appellee merely urged that since the children were over the age of eighteen, he was not required to pay child support. The order is AFFIRMED in part, REVERSED in part, and REMANDED with directions to enforce the Final Judgment of Divorce as amended in accordance with this opinion, and with a separate order provisionally granting appellant’s petition for attorney fees.
ERVIN and WENTWORTH, JJ., concur.