413 So.2d 870 (1982)
Kenneth Miles KAYLOR, Appellant,
v.
Sharon KAYLOR, Appellee.
No. 81-1912.
District Court of Appeal of Florida, Second District.
May 12, 1982.
Theodore L. Tripp, Jr. of Moorey, Seals & Garvin, Fort Myers, for appellant.
William P. Buztrey of Harry A. Blair, P.A., Fort Myers, for appellee.
RYDER, Judge.
Kenneth Kaylor appeals from the terms of a final judgment of dissolution of marriage, alleging that the award to Sharon Kaylor of rehabilitative alimony was not supported by his ability to pay. We agree that the total award exceeds appellant's ability to pay, and we reverse.
The parties were married in 1973 and had two children. Prior to the marriage, appellee worked as a secretary in the real estate business, and had received a real estate sales license. At the time of final hearing, appellee was permanently employed as a real estate salesperson. For the sixteen months prior to the hearing, she received a gross income of $745.00 per month. Appellee testified she needed an additional $1,200.00 per month in order to sustain herself and children in their accustomed lifestyle. Appellant worked for an insurance agency for eleven years, with a salary for the last twelve months of $600.00 per week gross, or $462.00 per week net. Appellant owned 20% of the stock in the agency, with his uncle owning the remaining stock. Appellant's 20% interest in the company was estimated by appellee to be worth $100,000.00. The only other assets of the parties consisted of the marital home and furnishings.
The court awarded custody of the minor children to appellee, exclusive use and benefit of the house to appellee, and required appellant to pay rehabilitative alimony of $4,800.00 per year for two years, child support of $7,800.00 per year, and one-half the mortgage payments, maintenance, taxes and insurance on the house, amounting to $4,230.00 per year. The trial court also required appellant to provide an automobile to appellee, pay all medical and dental expenses of the children, and provide life insurance to secure the support payments.
*871 Under the final judgment below, appellant's net income of approximately $2,000.00 per month is decreased by rehabilitative alimony of $400.00, child support of $650.00 and house expenses of $345.00. Of the remaining $600.00, appellant must supply appellee a car, life insurance to secure support, and medical expenses of the children. While disputed testimony indicated that appellant's interest in the insurance agency might be of substantial value, the minority interest in a small business was not readily marketable for cash. Additionally, the net amount ordered paid to appellee, plus her income, exceeds the expenses indicated by her testimony and financial affidavit by $175.00 monthly.
Factors to be considered by the trial court in determining an award of alimony are the needs of the one spouse and the ability of the other to provide funds. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The final judgment below erroneously took appellant from a position of financial well-being to financial misfortune. See Parham v. Parham, 385 So.2d 107 (Fla.3d DCA 1980); Nicholson v. Nicholson, 372 So.2d 178 (Fla.2d DCA 1979).
The financial aspects of the award below are REVERSED and the case REMANDED for the trial court to fashion an award consistent with appellee's needs and appellant's ability to pay. All other aspects of the final judgment are AFFIRMED.
GRIMES, Acting C.J., and OTT, J., concur.