487 So.2d 332 (1986)
Beatrice J. GOLDSMITH, Appellant,
v.
Ernest K. GOLDSMITH, Appellee.
BF-491.
District Court of Appeal of Florida, First District.
April 1, 1986.
Rehearing Denied May 9, 1986.
*333 Barry L. Zisser and Steven Hurwitz, of Zisser, Robison, Spohrer, Wilner & Harris, P.A., Jacksonville, for appellant.
Tyrie A. Boyer, of Boyer, Tanzler & Boyer, Jacksonville, for appellee.
JOANOS, Judge.
Appellant Beatrice J. Goldsmith (the wife) appeals from the trial court's denial of her motion to vacate and set aside the trial court order closing the domestic relations depository account through which Ernest K. Goldsmith (the husband) made child support payments. The question presented for our review is whether the trial court erred in terminating the natural father's child support obligations upon the child's attaining the age of eighteen. We affirm.
On December 6, 1971, the wife filed a petition for dissolution of marriage. The final judgment of dissolution of marriage was entered February 8, 1972, and provided at paragraph 2(d) that 
Child support payments shall cease upon said minor child becoming 21 years of age, becoming self-supporting, or marry, which ever [sic] shall occur first; provided, however, in the event of a substantial change in the circumstance and faculties of either party hereto before or after September 3, 1973, either party may upon appropriate motion request this Court to modify child support payments as hereinabove provided should the parties upon such change in circumstances be unable to mutually agree upon such modification.
On November 29, 1973, the trial court entered an order modifying the final judgment. The modification order deleted paragraph 2 of the dissolution order in its entirety, including each and every subparagraph thereof, and inserted the following:
2. The Husband shall pay to the Wife through the Domestic Relations Depository, together with the service charge therefor, the sum of $80.00 per week for the support and maintenance of the minor child of the parties, said payments to commence on Monday, November 12, 1973, and to continue on each Monday thereafter for a period of three years, during which period the amount of said child support payments shall not be modified except upon substantial change of the needs of the child or the ability of the Husband to pay. Child support payments shall cease upon said minor child becoming sui juris, self-supporting, or married, whichever event shall occur first.
The parties and their respective attorneys executed a consent to the modification order.
On November 27, 1984, the trial court entered an order authorizing the closing of the domestic relations depository account on the ground that there was no longer any need for the enforcement of the support order entered in the cause. The wife filed a motion requesting the trial court to vacate and set aside the order authorizing the closing of the account. As grounds therefor, the wife alleged the final judgment was entered prior to the legislative change in the age of majority, and that the parties' nonmodifiable stipulation required the husband to pay child support until the child became twenty-one years of age or self-supporting. The wife further alleged the child was in college, was not self-supporting, *334 and had not attained the age of twenty-one years.
On January 30, 1985, the trial court entered its order denying the wife's motion to set aside the order closing the depository account. The trial court's order states, in relevant part, that 
The basis for the entry of such order apparently was the fact that the child of the parties has attained majority, to wit: 18 years. The Final Judgment entered in this cause on February 8, 1972, specifically provided for the payment of child support until said child became 21 years of age. However, that Final Judgment was modified by further stipulation of the parties on November 29, 1973, providing that such payments "shall cease upon said minor child becoming sui juris". The age of majority at the time said order of modification was entered had been changed by the legislature to 18 years of age. It appears to the Court without question that said order of modification controls the present controversy.
The trial court's order further states that it is "without prejudice to the wife seeking further modification of the Final Judgment with respect to child support payments."
On February 11, 1985, the wife filed a motion for rehearing predicated on the theory that a support judgment entered before July 1, 1973, provides a vested right of support to the child until age twenty-one, because prior to the effective date of Section 743.07, Florida Statutes, majority meant twenty-one years of age. The wife's motion for rehearing was denied by order entered March 5, 1985. On April 2, 1985, the wife filed notice of appeal.
The final judgment of dissolution of marriage, which contained support provisions for the minor child of the parties, was entered February 8, 1972, prior to the effective date of Section 743.07 Florida Statutes. Section 743.07 lowered the age of majority in Florida from twenty-one to eighteen, but expressly provided that the law "shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973." s. 743.07(3), Fla. Stat.; Ch. 73-21, ss. 2, 3, Laws of Fla.
The courts, mindful of this legislative bar, have held that the enactment of Section 743.07 will not automatically alter support obligations incurred prior to the effective date of the statute. Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Mahaffey v. Harper, 405 So.2d 1070 (Fla. 1st DCA 1981); Gilman v. Dozier, 388 So.2d 294 (Fla. 1st DCA 1980); Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979). Nevertheless, support orders entered prior to July 1, 1973, may be modified upon filing a petition for modification pursuant to Section 61.14, Florida Statutes. Mahaffey v. Harper, supra; Pace v. Pace, 471 So.2d 680 (Fla. 3d DCA 1985); Sweetland v. Gauntlett, 460 So.2d 570 (Fla. 3d DCA 1984).
In this case, the trial court viewed the November 30, 1973 modification order as superseding the former support provisions in the final judgment of dissolution. The modification order, which was entered subsequent to the effective date of the statute lowering the age of majority to eighteen, provided that support payments "shall cease upon said minor child becoming sui juris." Consequently, when the parties' son reached age eighteen  the age of majority when the modification order was entered  the trial court authorized the closing of the domestic relations depository account.
The order modifying the final judgment of dissolution of marriage contains no facial ambiguity. Rather, it provides clearly and unequivocally that "[c]hild support payments shall cease upon said minor child becoming sui juris, self-supporting, or married, whichever event shall occur first." Furthermore, the parties and their attorneys executed a consent to the order as drafted and entered. There have been no allegations or evidence of, and therefore no consideration by this court of any suggestion of mistake or impropriety involved in the entry of the modification order.
We note that the former support provision which was replaced by the modification *335 order required the husband to make weekly support payments in the amount of $125, such payments to "cease upon said minor child becoming 21 years of age, becoming self-supporting, or marry, which ever [sic] shall occur first." The modification order reduced the weekly support payments to $80, and by the substitution of "sui juris" for "21 years of age," reduced the husband's support obligation by three years.
We agree with the trial court that the modification order is controlling. Since the modification order was entered subsequent to the effective date of Section 743.07, the fact that Section 743.07 may not apply retroactively has no relevance to this cause.
AFFIRMED.
SMITH, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
When the trial court entered the order closing the Domestic Relations Depository account in this case, shortly after the 18th birthday of the parties' son in 1984, the court necessarily construed a prior 1973 order[1] modifying the 1972 dissolution decree which had incorporated the parties' agreement for child support to cease "upon said minor child becoming 21 years of age... ." The modification simply provided $80.00 instead of $125.00 weekly support and substituted "sui juris" in lieu of "21 years of age" in restating the cessation language, supra.
If the dissolution decree in this case had provided for cessation of support for the child "upon ... becoming sui juris," the settled Florida law (after amendment of sec. 743.01, Florida Statutes, to define sui juris as age 18) would construe the decree to continue support to the age of twenty-one.[2] But the contention here is that the 1973 statutory removal of disabilities of non-age for 18 year old persons compels that definition of the term "sui juris" in the modification order entered after the effective date of the amendment. Such reasoning overlooks the explicit provision of the statutory enactment that it "shall not affect the rights and obligations existing prior to July 1, 1973." Section 743.07(3), Florida Statutes. Thus, even if the modification order is deemed to incorporate the amended statute, that statute disclaims any intent to affect obligations under earlier dissolution decrees. The later modification is, on its face, merely an amendment of the prior decree, an amendment which is plainly not complete or capable of being read independently of the decree. When fairly construed in context with both the statute and the earlier decree, and absent any conflicting evidence of the parties' intent, the modification order effects no change in cessation of support payments under the decree, because the statute expressly allows the term "sui juris" in the order to be construed consistent with the pre-existing obligation.
I would reverse, with directions to grant the motion to vacate.[3]
NOTES
[1] The order does not refer to a motion, stipulation, evidentiary hearing, or any change of circumstance, stating only the "cause came on to be heard, after due notice." The prior dissolution decree provided for modification only "in the event of a substantial change in the circumstance and faculties of either party" and only if "the parties upon such change in circumstances be unable to mutually agree upon such modification.
[2] Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975).
[3] I would find no merit in argument with respect to alleged ambiguity in the timely notice of appeal, which references the date of the order denying rehearing instead of the date of the earlier order rendered final by that order. Strong policy arguments support appellant's standing to enforce the subsisting obligations of the dissolution decree. See Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983), adopting dissenting opinion in Cronebaugh v. Van Dyke, 415 So.2d 738, 743 (Fla. 5th DCA 1982). Cf., annotations cited note 4, Wing v. Wing, 464 So.2d 1342, 1345, concurring opinion.