BARFIELD, Judge.
In this appeal from an interlocutory order requiring the appellant to continue child support payments until the minor child reaches the age of twenty-one years, this court is asked to determine whether this case is controlled by the law applicable at the time of the divorce, when the age of majority was twenty-one, or by the law applicable at the time of the support order, when the age of majority was eighteen.
The parties, Margarethe Broche and Elliott Broche, were divorced on June 11, 1970. There was one minor child, two years old at the time of the divorce. An agreement was entered between the parties and approved by the court. The only reference to child support was contained in the following paragraph 6:
The Husband and Wife do hereby acknowledge that at the time of the execution of this Agreement, the Husband is recovering from a serious illness and is unemployed. For this reason the parties hereby agree that the matter of support is expressly left open to be determined at such time as the Husband becomes employed either by subsequent agreement between the parties or by a court of competent jurisdiction.
Intervening proceedings were held in which custody changed and other agreements were made between the parties culminating in a parental responsibility agreement in August, 1983. In addition to the former wife having sole parental responsibility for the minor child, the agreement provided for the former husband to pay child support “until the child reaches majority, marries, dies or becomes self-supporting.” The child was fifteen years old at the time of the agreement.
The former husband ceased making payments after the payment of August 1, 1985 because the daughter turned eighteen years old on September 5, 1985. The present proceedings ensued resulting in a court order that the husband continue payments until the child reached age twenty-one. We reverse.
Absent some indication that the matter of support was determined at the original divorce proceeding and thereafter continued until majority, which would have been twenty-one years of age, it is the law applicable at the time of the support order that controls the duration of support payments. Goldsmith v. Goldsmith, 487 So.2d 332 (Fla. 1st DCA 1986).
REVERSED.
NIMMONS and ZEHMER, JJ., concur.