SCHEB, Acting Chief Judge.
The trial court entered an order terminating a father’s duty of support for his child on the ground that the child had . attained the age of 18. The mother appeals, contending that the father is responsible for continuing child support payments until the child reaches the age of 21.
The parties were divorced in 1969. They had one child, Robert Aeree, then less than 2 years of age. Their property settlement agreement stipulated the father would pay child support of $20 per week until their child became “self-supporting, marries or reaches majority....” The final judgment incorporated by reference the property settlement agreement and specified that payments would continue until the child “attains the age of 21 years, dies, marries, or becomes emancipated.” When the final judgment was entered, the age of majority was 21.
The age of majority was lowered to 18 on July 1,1973. § 743.07, Fla.Stat. (1973). In 1976, the mother moved to have the child support increased, and on May 24,1976, the court entered an order providing:
support of the minor child of the parties hereto shall be increased by the sum of $10.00 per week, making a total child support payment of $30.00 per week. Said sum shall continue until such time as the child attains majority, dies, marries or becomes self-supporting, whichever the first shall occur.
Subsequently, the court entered an order requiring the father to increase the child support payment to $50 per week, effective January 19, 1982. Thereafter, on May 27, 1982, the court confirmed a stipulation by the mother and father that the father would continue to pay the $50 per week child support.
In April 1986, the father filed a petition to terminate child support, alleging that Robert Aeree attained the age of 18 on January 6, 1986. The mother filed a cross-motion to compel the father to continue the payments. She alleged that Robert had not attained the age of 21, nor had he died, married, or become emancipated. As noted, the trial court terminated the father’s duty of support because Robert had become 18, and this appeal ensued.
The mother argues that the father must make child support payments as augmented by the 1976 modification order and the 1982 order confirming the stipulation for increased support, i.e., $50 per week until Robert is 21. We reject this argument; however, we do not think the judges’ orders awarding additional support had any bearing on the durational requirement of the father’s original obligation to pay $20 per week support. The parties’ 1969 property settlement agreement provided that the child support would continue until Robert reached the age of majority, which at that time was 21. It is well established that section 743.07 operates prospectively and not retroactively. Finn v. Finn, 312 So.2d 726 (Fla.1975). Thus, the lowering of the age of majority did not retroactively reduce the duration of the support payments of $20 per week, since at the time the property settlement was entered into and the final judgment of divorce was rendered, the age of majority was 21. Archer v. Archer, 427 So.2d 325 (Fla. 2d DCA 1983). However, child support payments ordered by the court after July 1, 1973, terminate on Robert Acree’s 18th birthday.
Accordingly, we affirm the court’s order insofar as it terminating the father’s obligation of the additional $10 per week, and we terminate the father’s obligation to pay the additional $20 increase as stipulated by the parties effective January 6,1986. Otherwise, we reverse and direct the trial court to enter a revised order requiring the father to continue payments of $20 per week until Robert Aeree attains the age of 21 years, dies, marries, or becomes emancipated.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.