# IN RE: THE MARRIAGE OF PORTA

Case No. 199220

Thirteenth Judicial Circuit, Hillsborough County

November 18, 1987

### APPEARANCES OF COUNSEL

**Walter R. Heinrich, de la Parte and Gilbert, P.A.,** for the former wife.

**William M. Park** and **Amelia M. Park** for the former husband.

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

## ORDER DENYING SUPPLEMENTAL COMPLAINT FOR MODIFICATION OF FINAL JUDGMENT

The former husband is seeking to terminate or, in the alternative, to reduce the monetary support he is required to pay for his child, LISA MARIE PORTA. In support of his request he alleges, in his supplemental complaint for modification, filed August 14, 1987, that Lisa, born May 22, 1969, has reached her majority, is able to support herself and that due to his increases expenses, as indicated by his financial affidavit, he is unable to pay support.

The Final Judgment of Dissolution of Marriage, entered August 10, 1971, required the former husband to pay $46.00 every two weeks toward the support of the child, pursuant to stipulation. No duration was specified. However, the age of majority in 1971 was 21.

On August 18, 1982, an order was entered by the court increasing the child support to $80.00 every two weeks, in accordance with a stipulation. Again, the duration of payment was not specified.

The age of majority was reduced to 18 years on July 1, 1973, Section 743.07, Fla. Stat. (1973). Lisa attained the age of 18 on May 22, 1987.

The former husband argues that the child support should at least be reduced to $46.00 every two weeks on the authority of the case of *Acree v. Acree*, 508 So.2d 742 (Fla. 2d DCA 1987).

In the *Acree* case, the final judgment, entered in 1969, incorporated an agreement requiring child support payments by the father in the amount of $20. per week until the child "attains the age of 21 years, dies, marries, or becomes emancipated." In 1976, the child support was increased to $30. per week by order of the trial court which stated: *"Said sum shall continue until such time as the child attains majority, dies, marries or become self-supporting whichever the first shall occur."* (Emphasis added) The child became 18 years of age, the current age of majority, in 1986 and the trial court, therefore, terminated the child support requirement upon petition of the father.

On appeal, the Second District Court of Appeal held that the $10. increase in 1976 was limited in duration until the child reached majority, which by 1976 had been lowered to 18, but that the original obligation to pay $20. per week continued until the child reached 21 years of age, the duration provided in the final judgment.

The case at bar is factually distinguished from the *Acree* case because the order increasing the child support to $80. every two weeks entered in 1982 did not limit the duration until the child reached majority, as was done in the *Acree* case. Therefore, this court is not

required to eliminate or reduce the support to $46. every two weeks, the amount ordered in the 1971 final judgment, merely on the basis that the child has attained the age of 18. The age of majority is and remains 21 under the facts of this case. *Finn v. Finn,* 312 So.2d 726 (Fla. 1975). The 1982 modification did not alter the duration of the increased support.

The former husband having failed to establish by the greater weight of the evidence a substantial change of circumstances or any other ground which would warrant a reduction of his child support obligation, it is accordingly,

ORDERED AND ADJUDGED that the Supplemental Complaint for Modification of Final Judgment of Dissolution of Marriage filed by the former husband is hereby denied.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 18th day of November, 1987.