DAUKSCH, Judge.
The former husband appeals from an order requiring him to pay an increased amount of child support beyond each child’s eighteenth birthday. The original order of dissolution, entered in March 1973, required the former husband to pay $75 per month per child until each child reaches the age of twenty-one years. The age of majority was lowered to eighteen years on July 1, 1973. § 743.07, Fla.Stat. (1973). The current order modifies the support amount to $500 per child per month until each child is twenty-one years old. The children were eighteen and sixteen years old when the petition for modification of child support was filed.
Section 743.07 operates prospectively, not retrospectively, and will not affect any rights and obligations existing pri- or to its enactment. Finn v. Finn, 312 So.2d 726 (Fla.1975). The $75 a month per child support amount originally ordered continues until the children reach twenty-one years old. But any child support ordered after July 1, 1973 terminates at the child’s eighteenth birthday. Aeree v. Aeree, 508 So.2d 742 (Fla. 2d DCA 1987); Broche v. Broche, 489 So.2d 841 (Fla. 1st DCA 1986); accord, Goldsmith v. Goldsmith, 487 So.2d 332 (Fla. 1st DCA 1986); but see, Aumaitre v. Troyanos, 344 So.2d 910 (Fla. 3d DCA 1977). Consequently, the trial court could not order the increased child support for the eighteen year old and the increase for the sixteen year old must cease when she reaches eighteen. Any additional support ordered beyond a child’s eighteenth birthday must be based on a finding that the child is dependent.
The order of modification is reversed to the extent that it conflicts with this opinion. Since the youngest child is now eighteen and has juvenile rheumatoid arthritis the trial court should hold a hearing to determine if the child has a continuing need for support based on this medical condition.
REVERSED in part and REMANDED.
COBB and SHARP, JJ., concur.