852 So.2d 422 (2003)
Jay Cory DENNISON, Appellant,
v.
Patricia Ann DENNISON, Appellees.
No. 5D02-744.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
*423 Shannon McLin Carlyle and Gilbert S. Goshorn, Jr., The Carlyle Appellate Law Firm, The Villages, for Appellant.
Janet M. Courtney and Terry C. Young of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee.
THOMPSON, J.
Jay Cory Dennison ("former husband") appeals the award of permanent alimony to Patricia Ann Dennison ("former wife"). We reverse.
In the final judgment, the court found that the former husband and former wife were married in 1985. According to the judgment, in 1985, the former husband began acquiring furniture stores. The former wife obtained a computer science degree and was employed as a computer programmer until 1993. After the birth of their second child, the former husband and former wife agreed that the former wife would stay home and raise the children. In 2000, the former wife filed a petition for dissolution of marriage.
In the final judgment, the trial court ordered among other things that the former husband pay the former wife permanent periodic alimony in the amount of $3,000 per month and child support in the amount of $1,500 per month. The court found that the former husband previously had provided the former wife $6,000 to $18,000 per month with which to run the household, but it recognized a change in the economic climate and determined that the former husband's income was currently $5500 per month. Pursuant to their joint stipulation, the court awarded the former husband and former wife approximately $363,000 each in marital assets.
On appeal, the former husband contends that even if the trial court was justified in awarding permanent alimony, the award should be reversed because the former husband is required to pay 83 percent of his monthly income for child support and alimony. There is no transcript of the hearing in the record on appeal, and issues concerning evidentiary sufficiency and the like are not reviewable where there is no transcript of the trial proceedings or stipulated statement of evidence. However, an error which appears on the face of the final judgment is reviewable. Sugrim v. Sugrim, 649 So.2d 936 (Fla. 5th DCA 1995). Here, the face of the final judgment shows that the cumulative alimony and child support award is excessive. See Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990) (holding that a failure to provide a transcript was not fatal where the judgment showed the trial court committed reversible error in awarding an alimony and child support award which equaled 70% of former husband's income).
In the instant case, the trial court found that the former husband's income was $5,500 a month. Based on the trial court's calculations of the former husband's income, it is evident the amount awarded for child support and alimony constituted 83 percent of the former husband's net monthly income. Although an award of alimony or child support standing alone may not be objectionable, the cumulative effect can constitute an abuse of discretion. Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990). Awards similar to that made in the instant case have been deemed to be an abuse of discretion. See Sokol v. Sokol, 441 So.2d 682 *424 (Fla. 2d DCA 1983) (holding an award of 71% of husband's income was an abuse of discretion); Kaylor v. Kaylor, 413 So.2d 870 (Fla. 2d DCA 1982) (holding an award of 70% of husband's income was an abuse of discretion); Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979) (holding an award of 86% of husband's income was an abuse of discretion); Gentile, 565 So.2d at 822 (holding an award of 79% of the husband's income for alimony and support was an abuse of discretion, and appellate courts have not hesitated to find an abuse of discretion in similar awards).
We find no merit in the former husband's argument that the trial court failed to make requisite findings of fact pursuant to section 61.08, Florida Statutes, justifying permanent alimony. One who claims that the trial court abused its discretion in awarding alimony has the burden of presenting a record that will justify the conclusion that the judgment was arbitrary or unreasonable. Cash v. Cash, 691 So.2d 6, 7 (Fla. 5th DCA 1997). In the instant case, the trial court provided a fifteen page judgment with findings of fact that addressed almost every factor of section 61.08, Florida Statutes. Without a transcript, the former husband has failed to show that the trial court was arbitrary or unreasonable in awarding permanent alimony.
Because of the amount of the alimony awarded was excessive, it is reversed, and the cause is remanded for reconsideration.
REVERSED.
SAWAYA, C.J., and HARRIS, C., Senior Judge, concur.