PALMER, J.
Steven Carr appeals the trial court’s non-final order denying his motion to dismiss this action for lack of personal jurisdiction. Concluding that the record provided by Carr is insufficient to support a reversal, we affirm.
Steven Carr and Denise M. Sharkey were divorced in New York. The parties have one minor child who is subject to the final judgment of dissolution. A consent order of support was entered by the family court of the state of New York. In the order, the parties agreed that Carr would pay Sharkey child support in a set amount and that in no event would the child support increase above that amount. The order recognized that the amount agreed to by the parties deviated from New York’s Child Support Standards Act for a variety of reasons, including the fact that Carr agreed to pay the child’s college and other expenses, and that he would have increased costs associated with visiting the child since Sharkey was relocating to Florida.
After moving to Florida, Sharkey filed a petition to domesticate the New York judgment. Carr answered and consented to the domestication of the order.
*483 Thereafter, Sharkey filed a supplemental petition in Florida seeking modification of Carr’s child support obligation. Specifically, the motion requested that the amount of Carr’s child support be increased to reflect Florida’s statutory guidelines. Carr filed a motion to dismiss the petition and to quash service of process claiming, among other things, that Florida lacked personal jurisdiction over him because he was a resident of Massachusetts and had never been a resident of Florida. He further alleged that he did not-have any ties or contacts with Florida.
The trial court entered an order denying the motion to dismiss finding that Florida had personal jurisdiction over Carr under section 88.2011(5) of the Florida Statutes because he had agreed to the entry of an order in New York which permitted the mother and the minor child to relocate to Florida. The trial court further found that the oral stipulation of the parties which provided for a non-modifiable bi-weekly child support amount was unenforceable as being contrary to the public policy of Florida. This appeal timely followed.[1]
The Uniform Interstate Family Support Act (UIFSA), Chapter 88, Florida Statutes (2003), is the vehicle for Florida courts to establish jurisdiction over certain nonresidents. Section 88.2011 lists eight bases for jurisdiction over nonresidents, all of which require some connection with this state, unless the individual voluntarily submits to the jurisdiction of the Florida courts. Specifically, section 88.2011(5) of the Florida Statutes provides:
88.2011. Bases for jurisdiction over nonresident
In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual’s guardian or conservator if:
[[Image here]]
(5) The child resides in this state as a result of the acts or directives of the individual....
§ 88.2011(5), Fla. Stat. (2002).
Here, it appears from the record that the trial court held three hearings on Carr’s dismissal motion. At the conclusion of the hearings, the trial court found that
it has personal jurisdiction over the Respondent, Steven R. Carr, a resident of the State of Massachusetts, under F.S. 88.2011(5) as a result of his agreeing to the entry of a State of New York court order permitting the Petitioner and the minor child to relocate to the State of Florida ...
Unfortunately, Carr has failed to include transcripts of these hearings in the record on appeal. Without knowledge of what transpired at the hearings, we cannot determine what evidence, if any, the trial court heard regarding whether Carr took some other action which led the trial court to find that he committed acts or gave directives allowing the child to move to Florida. See Dennison v. Dennison, 852 So.2d 422 (Fla. 5th DCA 2003)(holding that issues concerning evidentiary sufficiency are not reviewable where there is no transcript of the trial proceedings or stipulated statement of evidence). Therefore, this court must affirm the trial court’s findings. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Additionally, the trial court determined in its order that the parties’ New York order was against the public policy of Florida and, therefore, was unenforceable. It is unclear from the record how the trial court came to this conclusion. It is also *484 unclear why the trial court deemed this issue relevant or in need of resolution when the only issue pending before the court appeared to be one of personal jurisdiction. However, once again, given the lack of a complete record, we cannot determine what issues or evidence were presented to the trial court and, accordingly, Carr has not met his burden of proving reversible error.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.

. Appellate jurisdiction is authorized by rule 9.130(a)(3)(c)(l).