COHEN, J,
concurring specially.
The issue on appeal is straightforward. Appellant argued the lower court abused its discretion in making a cumulative award of ninety-five percent of his gross income to the former wife, an error that was apparent on the face of the final judgment. Appellee took the position that the lack of a transcript or statement of facts pursuant to Florida Family Law Rules of Procedure 9.200(b)(4) precluded review.
Per curiam disposition of this case is appropriate. While a final judgment ordering one spouse to pay so high a percentage of gross income would normally merit close scrutiny, see Dennison v. Dennison, 852 So.2d 422 (Fla. 5th DCA 2003), two critical facts were omitted from Appellant’s brief. First, the final judgment reflects that Appellant agreed, at trial, to pay the two mortgages on the marital residence until the property sold. Second, and more importantly, the trial court stayed the mortgage payment requirement postjudgment, no doubt recognizing the impossibility of Appellant’s ability to pay the amounts ordered and to also support himself. Thus, Appellant was left with a permanent periodic alimony obligation of $650 per month plus $483.77 in monthly *858 child support, neither of which are specifically being challenged on appeal, nor would they constitute an abuse of discretion, particularly in the absence of a transcript.