PER CURIAM.
Appellant, who was the petitioner below, takes this interlocutory appeal from an order of the circuit court denying his petition for further modification of a final decree of divorce.
We are restricted in our review of this case inasmuch as the record on appeal does not reveal what evidence or testimony the chancellor had before him in the proceedings out of which this appeal arose. Appellant assigns as error the court’s refusal to suspend or terminate further support payments and the failure of the court to extinguish all arrearages which became due after his son entered the United States Air Force Academy.
The District Court of Appeal for the Second District in Brody v. Brody, Fla.App.1958, 105 So.2d 378, 379, was faced with a very similar situation. In that case the court held:
“The contention is that the minor child had entered the military service of the United States and because of this, the support phase for him should be modified.
“There was testimony offered by the respective parties before the chancellor but there is no record presented on it so that this court is not in a position to say just what actually transpired before the chancellor. Consequently, we must affirm the order of the chancellor, but we do so without prejudice. * * * ”
Such a decision is proper in this case because we ought not prejudice any right of the father to petition for modification, in the future. Any future petition may again raise the claim that the mother does not need the amount provided for the son’s support because the son is in the military service of the United States.
Affirmed.