340 So.2d 1290 (1977)
S. Charles ADAMS, Appellant,
v.
Ann S. ADAMS, Appellee.
No. 76-1302.
District Court of Appeal of Florida, Third District.
January 4, 1977.
S. Charles Adams, in pro. per.
Sinclair, Louis, Siegel & Heath and Leonard H. Rubin and John L. Zavertnik, Miami, for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Charles Adams takes this interlocutory appeal to review an order directing him to pay child support until each of his minor children attain the age of 21.
On February 28, 1973 the chancellor entered a final judgment dissolving the marriage between Charles Adams and his wife, Ann, and directing Charles to pay temporary child support of $75 per week for the four minor children until further testimony could be taken. At a subsequent hearing, the chancellor on July 10, 1973 entered another final dissolution of marriage judgment reaffirming and republishing the February 28 judgment, and ordered Charles to pay $40 per week per child until further order of court. Ten days previous to the entry of this judgment, on July 1, 1973, Section 743.07, Florida Statutes became effective and lowered the age of majority from 21 to 18 years. On September 12, 1975 Ann filed a petition asking that the child support be increased and this petition was referred to a general master. Meanwhile, on March 2, 1976 two of the children attained the age of 18 and Charles discontinued the support payments for them. Thereafter, on May 25 the general master submitted his report wherein he found that the July 10, 1973 judgment awarding child support was in effect nunc pro tunc as of February 28, and concluded that Charles was obligated to pay support for each of the *1291 children until they reached the age of 21. On June 7, 1976 the chancellor adopted the report and ordered Charles to pay support until each child attains the age of 21 or until further order of court.
On appeal Charles argues that where a temporary award of child support was entered in February 1973, and where the age of majority was reduced by the legislature on July 1, 1973 from 21 to 18 years and a final judgment for child support was entered on July 10, 1973 providing for child support payments until further order of court, the obligation to pay child support extends only to age 18. We disagree.
Section 743.07(3), Florida Statutes (1973) clearly provides that it is to operative prospectively, not retrospectively and shall not affect obligations existing prior to July 1, 1973.
With the entry of the February 28, 1973 judgment Charles' obligation to pay child support became fixed at that time, and the chancellor was eminently correct in requiring him to pay child support until each child attains the age of 21. See Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Finn v. Finn, 312 So.2d 726 (Fla. 1975).
Affirmed.