359 So.2d 26 (1978)
Louis P. MANGANIELLO, Appellant,
v.
Elizabeth A. MANGANIELLO, Appellee.
No. 77-1277.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rash & Katzen, South Miami, for appellant.
Charles J. Crowder, South Miami, for appellee.
Before HENDRY and HUBBART, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
HUBBART, Judge.
This is a post-judgment proceeding for contempt and modification brought by the *27 wife in a divorce action in which the trial court ordered the husband to make certain child support payments to the wife in accord with a prior divorce decree. The husband appeals.
The central question presented for review is whether a divorce decree entered prior to July 1, 1973, requiring a husband to make child support payments to his wife without specifying a termination date therein obligates the husband to make such child support payments until the child reaches the age of twenty-one. We hold that such a pre-1973 divorce decree does impose such an obligation of support on the husband unless the husband is able to show on a motion to modify under Section 61.14, Florida Statutes (1977), that the child has become married or self-supporting prior to the child's twenty-first birthday. We further hold that this result is in no way changed by Section 743.07, Florida Statutes (1977), lowering the age of majority to eighteen because the statute by its express terms does not operate retroactively to change or alter child support awards made prior to July 1, 1973, the effective date of the statute.
The facts of this case are substantially undisputed. On August 4, 1970, the Circuit Court for the Eleventh Judicial Circuit of Florida entered a final judgment of divorce severing the marriage between the parties Louis and Elizabeth Manganiello. The divorce decree among other things awarded the wife Elizabeth Manganiello custody of the parties' three minor children (ages 7-11) and ordered that the husband Louis Manganiello pay the wife a total of $540 a month in child support payments. The divorce decree did not specify when such child support payments would terminate.
On August 9, 1976, the parties' eldest son became eighteen years of age and shortly thereafter entered the University of South Florida at Tampa, Florida, on a scholarship of an unspecified amount. The husband thereafter unilaterally terminated any child support payments for this son by reducing such payments by $180 a month, the prorata share of the child support award applicable to such son. The termination was based on the contention that the child support award under the prior divorce decree ended when the child became eighteen in view of an intervening statute effective July 1, 1973, lowering the age of majority to eighteen. § 743.07 Fla. Stat. (1977).
On January 19, 1977, the wife filed a motion for contempt and modification against the husband seeking enforcement of the prior divorce decree as to arrearages in child support and an increase in child support thereafter because of an alleged change in circumstances. The husband filed no motion to modify or terminate any of the child support payments. After two separate evidentiary hearings, the trial court entered an order requiring the husband to pay $980 in child support arrearages and thereafter to make child support payments for the three minor children in accord with the prior divorce decree until such child becomes twenty-one, marries or enters upon full time employment. The motion to modify was not ruled upon by the trial court, but was continued for another hearing. The husband appeals.
The law is well-settled that a divorce decree entered prior to July 1, 1973, requiring a husband to make child support payments to his wife, either until majority or without specifying a termination date therein, obligates the husband on the face of the decree to make child support payments until the child reaches his twenty-first birthday. The only method by which a husband may absolve himself of such obligation of support prior to the child reaching twenty-one is if he files a motion to modify under Section 61.14, Florida Statutes (1977), and is able to show that the child has since become married or self-supporting. This result is in no way changed by Section 743.07, Florida Statutes (1977), lowering the age of majority to eighteen because the statute by its express terms does not operate retroactively to alter or change child support awards made prior to July 1, 1973, the effective date of the statute. Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Adams v. Adams, 340 So.2d 1290 (Fla. 3d DCA *28 1977); Field v. Field, 291 So.2d 654 (Fla. 2d DCA 1974). To the extent that Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976), reaches a different result, we decline to follow it as being contrary to the established law of this state.
Measured by these standards, it is clear that the trial court was eminently correct in enforcing the 1970 divorce decree herein as to child support payments until the children reach the age of twenty-one absent a showing that the children have become married or self-supporting. Although the husband contends that his eldest son is now self-supporting by virtue of his scholarship as a freshman at the University of South Florida in Tampa, Florida, the husband filed no motion to modify the child support payments based on such ground under Section 61.14, Florida Statutes (1977), and made no clear showing in the record that the son is now self-supporting by virtue of his scholarship. We do not foreclose the husband, however, from filing an appropriate motion to raise this issue in the trial court.
We have considered the other contentions raised by the husband upon this appeal and find them to be without merit. The judgment appealed from is therefore affirmed.
Affirmed.