KEHOE, Judge.
The appellant wife appeals from an order amending a final judgment of divorce and modifying the child support provision. The original final judgment was entered in 1971 and, inter alia, required the respondent/husband to pay child support of $200 per month until that child attained the age of 21, became emancipated or married. The order appealed from vacated the original support provision and required the husband to pay a total of 4 payments in the amount of $175 each toward the child’s educational expenses. No other support payments were required.
An examination of the record reveals that the trial court based its decision to modify the support payments on the ground that the child had reached the age of 18, was a full-time college student and was working part time to support herself. We hold that this is not an adequate basis for modifying the child support payments herein and reverse.
The fact that the child may have reached the age of 18 is not, standing alone, sufficient to justify modifying or terminating child support payments originally ordered in a pre-1973 divorce decree. Daugherty v. Daugherty, 308 So.2d 24 (Fla.1975); Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978). A showing must be made that the child is self-supporting or otherwise emancipated in order to justify the termination of support under Section 61.14, Florida Statutes (1977), where the husband has the ability to pay. Manganiello v. Manganiello, supra.
We note that the General Master’s Report, which the trial court declined to follow in this instance, expressly found that the respondent was able to make the support payments originally required under the final judgment of divorce and was in substantial arrearage at the time the report was filed. We remand with directions to enter judgment for the wife on the amount in arrearage due her as of the date of the Master’s report. We do not however preclude the husband from showing on remand that the child is now self supporting and no longer requires his support. If so, support payments may be terminated as of the date of emancipation.
As for the husband’s contention that the trial court erred in awarding attorneys fees to the wife, we affirm the award on the basis that on this record no abuse of discretion has been shown. .
Affirmed in part, reversed in part and remanded with directions.