371 So.2d 1061 (1979)
Sylvia HOFFMAN, Appellant,
v.
Gerald M. HOFFMAN, Appellee.
No. 78-1918.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Rehearing Denied July 5, 1979.
Morton R. Goudiss, Miami Beach, for appellant.
Mitchell M. Goldman, Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
In a final judgment of dissolution entered on March 29, 1973, the court provided for an award of child support of $300.00 per month for each of the parties' three children which "shall continue until each child is emancipated, or self-supporting." Over five years later, in the order which is now under review, a successor judge determined that the support required by the judgment for the oldest child terminated when she reached the age of 18. This was error.
In Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978), this court clearly established the law to the contrary of the determination below. At 359 So.2d 27-28, it was held:
"The law is well-settled that a divorce decree entered prior to July 1, 1973, requiring a husband to make child support payments to his wife, either until majority or without specifying a termination date therein, obligates the husband on the face of the decree to make child support payments until the child reaches his twenty-first birthday. The only method by which a husband may absolve himself of such obligation of support prior to the child reaching twenty-one is if he files a motion to modify under Section 61.14, Florida Statutes (1977), and is able to show that the child has since become married or self-supporting. This result is in no way changed by Section 743.07, Florida Statutes (1977), lowering the age of majority to eighteen because the statute by its express terms does not operate retroactively to alter or change child support *1062 awards made prior to July 1, 1973, the effective date of the statute. Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Adams v. Adams, 340 So.2d 1290 (Fla. 3d DCA 1977); Field v. Field, 291 So.2d 654 (Fla. 2d DCA 1974)." [emphasis supplied]
The husband-appellee points out that the final judgment involved in this case provided that support would cease when a child "is emancipated," rather than, as in, for example, Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975), when he or she attains "majority." This argument is unsound. As the appellee concedes, the only basis for concluding that the child in question has become "emancipated" is that she has reached 18, the age of majority as provided by Sec. 743.07, Fla. Stat. (1977).[1] Since, as the Manganiello decision makes clear, that statute specifically provides that it does not apply to pre-July 1, 1973 awards such as this one, it is obvious that the distinction drawn between the terminology employed in the various cases makes no legal difference whatever.
The order below is therefore reversed, and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] For this reason, there is no purpose for an evidentiary hearing on remand and we reject the husband's suggestion that we order one. The obligation of support continues until 21 as a matter of law, unless the child becomes married, self-supporting or otherwise emancipated before then.