[Civ. No. 55816. Second Dist., Div. Two. May 7, 1980.]

PAUL PERINGER, Plaintiff and Appellant, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

## COUNSEL

Paul Peringer, in pro. per., for Plaintiff and Appellant.

George Deukmejian, Attorney General, Philip C. Griffin and Herbert A. Levin, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—Appellant sought by a declaratory relief action a determination he had not been a resident of California during the years 1965-1976 for purposes of the income tax laws of this state, together with income tax refunds for certain of those years. Trial without a jury resulted in a decision in favor of respondent.

The undisputed facts are these. Appellant was born and raised in the State of Washington and was continuously employed as an engineer by the federal government since 1942 (except for periods of war service and educational leave) from 1946 to 1957 in Alaska and from 1957 to the present in California. He was always subject to transfer by his employer to any place within the United States. His domicile at all times remained in Washington. For the particular period in question, i.e., 1965-1976, he worked and lived at Port Hueneme.

On this appeal it is contended:

1. There were judicial errors in the discovery phase of the above entitled action.

2. The judgment was based upon erroneous findings of fact.

3. There were omissions of essential findings of fact.

4. The findings of fact and conclusions of law were ambiguous.

5. The evidence did not support the findings of fact.

6. The findings of fact did not support the judgment.

Respondent, on the other hand, asserts there was no error in the discovery phase of the case and that the undisputed facts leave for determination only questions of law, which were correctly decided by the trial court. We agree.

During the course of his discovery prior to trial, appellant sought to ascertain whether respondent had, as an administrative practice, exempted federal civil service employees from California income tax liability. The effort was made through requests for admissions, all of similar import, of which the following is illustrative.

"Defendant is not aware of any specific case (other than those cases in which plaintiff is the taxpayer) in which a Federal civil service employee has spontaneously, voluntarily, and without any previous special solicitation filed with defendant or its predicessor [*sic*] a nonresident California state individual income tax return and in which defendant or its predecessor reclassified such taxpayer as a resident of California and required such taxpayer to pay a tax deficiency for a taxable year ended either A) before December 1969; or B) since November 1969."

These requests were rebuffed either on the basis they were overly broad and burdensome or, in one formulation, irrelevant. Appellant's attempts, through motion, to compel different responses were denied.

In our view, it requires no citation of authority to conclude (a) the requests were in fact too broadly drawn, (b) the trial court exercised its

discretion in so determining, (c) that exercise was not abused, and that (d) it was incumbent upon appellant to revise his requests to cure the difficulty. Having declined the latter course and in view of the undoubted correctness of the trial court's rulings, appellant cannot here be heard to complain.

Having thus decided, it remains only to determine whether, as a matter of law, (*Southern Pacific Equip. Co.* v. *State Bd. of Equalization* (1971) 16 Cal.App.3d 302 [94 Cal.Rptr. 107]), appellant's status was such as to justify imposing California personal income tax liability on him as a resident of this state.

In this it is clear to us appellant fails properly to distinguish between the concepts of domicile and residence for tax purposes, and that his rather esoteric notions respecting positions of employment as opposed to persons occupying those positions, in terms of the ability of his employer to transfer him to other geographical areas, are misconceived.

■ Concerning the first of these, it is enough to say that appellant's continuing domicile in the State of Washington is of no consequence, since it is not that status which is controlling, but rather one of residence, a resident being one who is in this state for other than a temporary or transitory purpose. (Rev. & Tax. Code, § 17014.)

During the years in question, appellant continued to work and live in Port Hueneme, and concededly was employed in a position which might last, and in fact has lasted, indefinitely. (Cal. Admin. Code, tit. 18, §§ 17014-17016, subd. (b).) Accordingly he was, at least presumptively, a resident of California. No evidence other than that set out having been introduced to the contrary, the trial court's decision to that effect was compelled.

Nor is the conclusion varied by considerations of whether appellant occupied different categories of employment within the federal system nor by the suggestion one is not identical to the employment office he holds, as the Presidency of the United States constitutes a continuing office quite apart from the person who at any given time occupies it. However we may view the philosophical distinction and however true it may be that at any particular point appellant could have been removed both from his particular assignment and from the state, the basic fact remains he has continued for now some 23 years to live and work in this

state, enjoying its benefits and protection and must respond in tax terms accordingly (see *Whittell* v. *Franchise Tax Board* (1964) 231 Cal. App.2d 278, 285 [41 Cal.Rptr. 673]).

The judgment appealed from is affirmed.

Fleming, J., and Beach, J., concurred.