In re MARRIAGE OF HARRIET ROSENBAUM, Petitioner-Appellant, and ROBERT ROSENBAUM, Respondent-Appellee.

First District (1st Division)   No. 79-2372

Opinion filed June 16, 1980.

Arthur Bluestone, of Chicago, and Jeffrey H. Gottlieb, of Arlington Heights, for appellant.

Robert H. Ellch, of Anthony Scariano & Associates, P. C., of Chicago Heights, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Harriet Rosenbaum (petitioner) appeals from an order denying her petition for a rule to show cause which alleged Robert Rosenbaum (respondent) had failed to pay child support in accordance with the "Judgment for Divorce" dissolving the marriage of the parties. The trial court's order also denied petitioner's requests for interest on the past due support and attorney's fees.

The judgment was entered on October 14, 1971. An agreement of the parties, incorporated therein, provided petitioner would have custody of the three minor children. It further provided:

"That the [respondent] shall pay to the [petitioner] as and for the support of said minor children, the sum of One Hundred Fifty and No/100 ($150.00) Dollars per week, commencing on the date of entry of Judgment for Divorce herein and in addition shall maintain and pay for hospitalization and medical insurance on said children and shall be liable for any and all extraordinary medical or dental expenses of said children. The question of [respondent's] obligation to pay support for said minor children to complete their college education, after they reach their majority, is reserved for the future determination of the court. That the [respondent] shall have the minor children of the parties as exemptions on his State and Federal Income Tax Returns."

The children referred to are Fred Rosenbaum, born June 25, 1955; Robyn Rosenbaum, born March 27, 1959; and Nancy Rosenbaum, born February 10, 1967. Fred Rosenbaum became 18 years of age on June 25, 1973. On February 10, 1976, respondent unilaterally reduced his support payments from $150 to $100 per week without order of court.

Robyn Rosenbaum became 18 years of age on March 27, 1977. On January 6, 1978, respondent unilaterally reduced his support payments from $100 to $50 per week. Respondent continued to pay that amount for the remaining minor child, Nancy.

On April, 19, 1979, petitioner filed her petition for rule to show cause. She alleged respondent failed to pay child support and extraordinary medical expenses "in accordance with the Decree for Divorce, previously entered." On August 8, 1979, petitioner filed additional petitions praying for interest on the unpaid portion of the child support and attorney's fees. On October 12, 1979, after full hearing, the trial court entered judgment holding the Illinois Marriage and Dissolution of Marriage Act, effective October 1, 1977 (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) was applicable to the instant case and petitioner could unilaterally reduce child support payments as each child became emancipated. However, the trial court held respondent was not entitled to a *"pro rata"* reduction of

$50 per child. Rather, respondent was entitled to a "graduated" reduction (under guidelines set by the trial court for child-support awards) to $115.71 for two minor children and $85.71 for one child. Thus, the trial court concluded respondent was not in arrears in his support payments but, instead, had overpaid $1231.11 as of September 12, 1979, and respondent owed petitioner $213.60 for extraordinary medical expenses. The trial court also denied the petitions for interest and attorney's fees.

Petitioner contends that under both the common law and the Illinois Marriage and Dissolution of Marriage Act, a noncustodial parent cannot unilaterally reduce unallocated child support as each child is emancipated by reaching his majority. She further contends that assuming the new Act does allow for unilateral reduction of an unallocated child support order, it should not apply retroactively prior to October 1, 1977, the effective date of the new Act. Further, if the Act is to be applied retroactively, the trial court erred in failing to take evidence regarding the needs and abilities of the parties. Finally, petitioner argues that if respondent is found to have improperly withheld payment of child support, he should be required to pay petitioner interest and attorney's fees.

Respondent contends that under either the common law or the new Act, he could unilaterally reduce the unallocated support payments as each child reached his majority. He further contends petitioner should be estopped from proceeding with this action because of *laches*. Finally, he argues the trial court did not abuse its discretion in denying petitioner attorney's fees but he concedes that should he be found in arrears for child support, he may be liable for interest.

Since oral argument of this case on April 21, 1980, we have had the benefit of the opinion of the Illinois Supreme Court in *Finley v. Finley* (Docket No. 52446, filed May 30, 1980), ___ Ill. 2d ___, ___ N.E.2d ___. *Finley* concerned the propriety of *pro rata* unilateral reductions of child-support payments by a noncustodial parent as each of his minor children became emancipated. As in the instant case, *Finley* presented a situation in which there was a question as to whether the common law or the Illinois Marriage and Dissolution of Marriage Act was applicable. However, the supreme court determined that section 510(c) of the new Act (Ill. Rev. Stat. 1977, ch. 40, par. 510(c)), which states that "provisions for the support of a child are terminated by emancipation of the child," does not modify the common law. The court held (*Finley*, ___ Ill. 2d ___, ___):

> "[T]he unilateral reduction of child-support payments constitutes a modification of the support order. The modification of such payments is solely a judicial function which is to be administered only by the court and in its discretion. (See *Jozwick v. Jozwick* (1979), 72 Ill. App. 3d 17, 20.) It is the function of the court to

determine whether there should be a *pro rata* reduction in lump-sum periodic support payments when one of several children is emancipated, or whether other equitable considerations require that the reduction be a lower amount, or in fact whether there should be any reduction in the payments. Automatic reduction in support payments in a case such as the one before us constitutes an infringement upon the discretionary powers of the court to modify an award. [Citation.] The responsible parent should petition the court for a judicial determination of the amount the support payments should be reduced due to changed circumstances. (See Ill. Rev. Stat. 1977, ch. 40, par. 510(a).) In view of the foregoing, we hold that the unilateral *pro rata* reduction of lump-sum periodic support payments for the benefit of more than one child upon the emancipation of a child is impermissible under the new act, as well as under the common law."

■■ Thus, it is clear in the instant case it was improper for respondent unilaterally to reduce his child support payments *pro rata* after Fred and Robyn each attained majority. It is totally irrelevant that the trial court altered the reductions so that they were not *pro rata* but were rather based on guidelines used by the trial court for determining child support awards. It was error to allow any reductions in the amount of child support payments since respondent never petitioned the court for modification of the support award.

In so holding, we have rejected respondent's contention the differing language used in the provisions for child support in the instant case and in *Finley* distinguish the cases from each other. In *Finley*, the provision for child support stated the payments for support and maintenance of the minor children would "continue until further order of this court." (*Finley*, ___ Ill. 2d ___, ___.) In the provision for support in the instant case, quoted at the beginning of this opinion, there was no stipulation that the payments would continue until further order of the court. Respondent urges that without this language, "child support provisions are terminated upon emancipation of the child." However, a close review of the *Finley* opinion reveals the supreme court did not attach any special significance to this excluded phrase. In very clear and uncompromising language, the supreme court held, "a parent may not reduce, *pro rata*, the amount of support upon the emancipation of a child under a decree for the support of more than one child." *Finley*, ___ Ill. 2d ___, ___.

■■ As regards respondent's equitable defense of *laches*, it appears this defense was not set forth by respondent in his answer to the petition for rule to show cause or in a motion under section 45(1) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 45(1).) Thus, respondent failed properly to raise this equitable defense in the trial court. (Ill. Rev. Stat.

1977, ch. 110, pars. 43(4), 45(1); *People ex rel. Casey v. Health & Hospitals Governing Commission* (1977), 69 Ill. 2d 108, 113-14, 370 N.E.2d 499.) We therefore will not consider this contention.

Accordingly, the order of the trial court denying the petitioner's petition for rule to show cause is reversed and the case is remanded for further proceedings consistent with this opinion. The trial court shall also reconsider the petitions for interest on past due support and attorney's fees under the guidelines of the *Finley* decision.

Reversed and remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.