COBB, Judge.
The parties to this appeal were divorced in 1968. The final judgment required John Giles to pay child support for two minor children in an aggregate sum of $216.66 per month “until further Order of this Court....” There was no apportionment of the child support between the two children, a son and a daughter.
Giles became delinquent in his support payments resulting in a judgment against him entered in May, 1980, in the amount of $4,671.28. Thereafter, he still failed to make the required support payments and was cited for contempt with a hearing set before the trial court on June 12, 1981. On June 5, 1981, Giles served by mail upon counsel for his ex-wife, Fungaroli, a petition to modify the support order on the bases that the parties’ son had become eighteen in August, 1979, and was self-supporting. Fungaroli received notice of the petition for modification on June 8, 1981, four days before the scheduled hearing.
At the June 12,1981 hearing, Fungaroli’s attorney orally moved to have the petition for modification continued “until we can file a response to it and be more fully prepared because there’s something that probably we should do that we haven’t had time to do.” After a discussion, the court tabled the motion for continuance. The *1177 judge expressed the desire to first resolve the contempt issue and said, “then we’ll maybe start — informally talk a little about the modification angle.”
Giles defended his “current arrearages”[1] on the ground that his support obligation to his twenty-year-old son had terminated two years earlier on August 9, 1979, when the son turned eighteen. The court correctly concluded that Giles was obligated to pay $216.66 per month until an order had been entered to the contrary. Regarding contempt of court for failure to pay the full $216.66 per month, the judge stated, “If Mr. Giles will pay the money, we’ll find him in technical contempt.” In addition to passing on the contempt issue, however, the trial judge stated that he was terminating the son’s support because he had reached eighteen, and that the parties’ daughter’s support would end upon her eighteenth birthday. These announced rulings cannot be reconciled with “an informal discussion”— and are legally incorrect as well.[2] The court announced it did not need any testimony on the issue of terminating all support for each child upon that child reaching eighteen years of age.
With the judge and the attorneys for both sides proceeding upon these new conditions, the judge asked Fungaroli how much she needed to support the daughter; she stated $40.00 per week. After further discussion, Giles agreed to pay the $40.00 per week, $175.00 per month, to support the parties’ daughter. Neither Fungaroli nor her attorney ever agreed with the trial court’s erroneous assertions of law in regard to automatic termination of support at eighteen, nor with the trial court’s determination that, in the absence of a properly noticed hearing and evidence, an aggregate award for two children is automatically halved if support for one is terminated by majority or other eventuality. Cf. Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). At the conclusion of the hearing, the trial court stated: “This is a 50/50 proposition, you know, there are some points — each has some good points and each has some bad points; and that’s the way it shakes out. So, see if you can draw up something and bring it back to me.” (Emphasis added.)
Clearly, there was no agreement between the parties before the court. There was only an admonition from the trial judge to respective counsel to try to work something out in writing if they could, based upon several erroneous legal assertions made by the trial judge during the course of the hearing. The final order, which was prepared by Giles’ attorney, found Giles in “technical contempt” for failing to pay half of his $216.66 child support obligation in May and June, 1981. The order provided Giles could purge himself by paying the arrearage. It further provided that Giles’ support obligation terminated upon payment of the arrearage. Additionally, the order stated that Giles’ support obligation with regard to the daughter terminated on her eighteenth birthday, or when she married or became self-sufficient, whichever occurred first. Finally, the order “upped” the child support for the daughter from $108.33 to $175.00.
The court denied Fungaroli’s motion for rehearing, and she timely appeals.
The final judgment from which Fungaro-li appeals terminates Giles’ obligation to pay support for his son; no reason for termination is expressed in it. The final judgment also prospectively terminates Giles’ support obligation to his daughter upon her marrying, her emancipation, or her reaching majority. The order of modification also provides that during her remaining two years of minority, the parties’ daughter is entitled to $175.00 per month in support. The final judgment cannot stand as the trial court erred in his application of the law.
Contrary to the trial court’s belief, Giles’ support obligation did not automati *1178 cally terminate at age eighteen where, as here, the dissolution was granted before the effective date of Chapter 73-21, Laws of Florida (which lowered the age of majority from twenty-one to eighteen), the judgment merely ordered payment of a monthly sum for child support without specifying the duration of such payments, and the son reached eighteen subsequent to the effective date of Chapter 73-21. Finn v. Finn, 312 So.2d 726 (Fla.1975). When the final judgment of dissolution was entered in this case on November 1,1968, the age of majority was twenty-one. Because the child support provision placed no time limitation on Giles’ support obligation, that obligation continues until each child reaches twenty-one. See Finn, 312 So.2d at 729. Even though Giles’ obligation continues until each child reaches twenty-one, the law allows him to petition the court for modification based on a substantial change in circumstances — either his or theirs. Mahaffey v. Harper, 405 So.2d 1070 (Fla. 1st DCA 1981); Hoffman v. Hoffman, 371 So.2d 1061 (Fla. 3d DCA 1979); Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978).
In his petition for modification, Giles alleged two bases for reduction of support: (1) that the son was eighteen, and (2) that the son was emancipated (i.e., not living with his mother, employed, and self supporting). He made no allegations concerning their daughter.[3] Since no evidence/testimony was taken to prove that the son was emancipated, and since the son reaching majority could not itself terminate the support, the trial judge erred when he terminated the son’s support. The judge erred further by directing the daughter’s support to terminate when she reached eighteen.
The record makes clear that the whole discussion at the June 12 hearing concerning a change in the daughter’s support was grounded in three mistaken assumptions: (1) that the son’s support terminated automatically at age eighteen, (2) that the termination automatically halved Giles’ support obligation, and (3) that the daughter’s support automatically terminated at age eighteen.
Contrary to Giles’ statement in his brief that it was “agreed” that support for both children would end as they reached eighteen, the record clearly establishes that the judge had already indicated he was going to rule that way.[4] The “agreement” cannot stand because it was a product of the judge’s erroneous ruling.
Accordingly, the order herein appealed is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.

. “Current arrearages” is used to distinguish the arrearages accruing after Fungaroli had obtained the May judgment against Giles for arrearages.

. See Finn v. Finn, 312 So.2d 726 (Fla.1975).

. Since the daughter’s support did not automatically terminate at age eighteen, Giles would have to seek this relief in order for the court to grant it, which he did not. Therefore, the trial court erred by ordering her support to terminate upon reaching majority.

. Fungaroli had previously operated under the mistaken assumption that support to her son automatically terminated at age eighteen — in the prior petition for arrearages, she computed the arrearages at $108.33 per month from the time the son reached eighteen. No court order to that effect, however, had ever been entered: while the judgment for arrearages utilized the reduced figure in computing the amount, no order modified the original judgment in divorce.