423 So.2d 596 (1982)
Ann Shepherdson ADAMS, Appellant,
v.
S. Charles ADAMS, Appellee.
No. 81-2673.
District Court of Appeal of Florida, Third District.
December 21, 1982.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Leonard H. Rubin and Paul A. Louis and John L. Zavertnik, Miami, for appellant.
Webster & Moorefield and Barbara North Burton, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
In Adams v. Adams, 340 So.2d 1290 (Fla. 3d DCA 1977), this court held that Mr. Adams's obligation to support his four children as imposed by a pre-July 1, 1973 support order continued until they reached twenty-one or "further order of court."[1] The determinative issue on the present appeal *597 is whether, without filing a motion to modify, he could unilaterally terminate those payments for two of the children on the ground that they had become self-supporting and emancipated before their twenty-first birthdays. We hold that a modification proceeding was indispensable and therefore reverse the order below, which retroactively approved Adams's cessation of payments.
As they relate to this legal question, the facts are undisputed.[2] The present action began when, in late 1980 and early 1981, Ms. Adams filed motions to adjudicate arrearages in child support which had accumulated on the outstanding judgment since 1977, and to hold her ex-husband in contempt if they were not paid. At a hearing before a general master to whom the motions were referred, and although no motion to modify had ever been filed, the father defended his nonpayment, in part, on the ground that he was not obliged to support his son David  who reached twenty-one on March 2, 1979  after June, 1977; or his son Scott  whose twenty-first birthday was October 25, 1980  after January, 1978 because they had become self-supporting on those respective earlier dates. Over the wife's objection, the general master received extensive  and disputed  testimony on these issues and accepted Mr. Adams's factual contentions to that effect. Accordingly, his recommended order provided that Adams be required to pay only undisputed arrearages of $6,506.22 and did not include an additional $10,615.92, which represented the payments accrued between the dates of the boys' alleged emancipation and their twenty-first birthdays. Ms. Adams now appeals from the trial court order overruling her exceptions to, and confirming the master's report.
Our conclusion that the pre-twenty-first birthday payments must be awarded because no motion to modify or reduce them was filed is in full accordance both with prior determinations on the precise emancipation issue involved here and the general law that orders for alimony and support must be obeyed until legal action is taken to relieve oneself of their terms. Thus, in Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978), we unequivocally said
The law is well-settled that a divorce decree entered prior to July 1, 1973, requiring a husband to make child support payments to his wife, either until majority or without specifying a termination date therein, obligates the husband on the face of the decree to make child support payments until the child reaches his twenty-first birthday. The only method by which a husband may absolve himself of such obligation of support prior to the child reaching twenty-one is if he files a motion to modify under Section 61.14, Florida Statutes (1977), and is able to show that the child has since become married or self-supporting. [emphasis supplied]
359 So.2d at 27. Accord, Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979), cert. dism., 392 So.2d 1372 (Fla. 1980) (containing identical language); Hoffman v. Hoffman, 135 So.2d 747 (Fla. 3d DCA 1961) (Carroll, J., dissenting);[3] see Langlois v. Langlois, *598 365 So.2d 179 (Fla. 3d DCA 1978);[4] but see Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977).
As Judge Carroll's opinion in Hoffman points out,[5] the present issue is conceptually indistinguishable from one in which it is claimed that changed circumstances justify a decrease or elimination of alimony or support payments. In that situation, it is clear that, regardless of the actual facts, the payments not only must be made as provided, but become vested property rights of which the recipient cannot constitutionally be deprived until and unless a motion for modification is filed and favorably acted upon. E.g., Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980); Benson v. Benson, 369 So.2d 99 (Fla. 4th DCA 1979); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). These decisions reflect the rather straightforward notion that one who is required by court order to make specified payments may not cavalierly ignore the judgment, and, as it were, take the law into his own hands by making the determination that there is a legal reason to depart from the terms of the order.[6] Only the court can make such a ruling, and it may do so only upon the filing of an appropriate pleading and then only prospectively. In concluding that these principles apply directly to the question of whether a particular child had become self-supporting we follow also what we (naturally) think are the better-reasoned authorities from other jurisdictions. In re Marriage of Lehrer, 63 Cal. App.3d 276, 133 Cal. Rptr. 709 (1976); Hoos v. Hoos, 86 Ill. App.3d 817, 42 Ill.Dec. 174, 408 N.E.2d 752 (1980); In re Marriage of Rosenbaum, 85 Ill. App.3d 931, 41 Ill.Dec. 213, 407 N.E.2d 711 (1980); Jozwick v. Jozwick, 72 Ill. App.3d 17, 28 Ill.Dec. 321, 390 N.E.2d 488 (1979); Weppner v. Weppner, 78 Wyo. 106, 319 P.2d 127 (1957); see Ross v. Ross, 397 N.E.2d 1066, 1069, n. 4 (Ind. App. 1979); contra, Ditmar v. Ditmar, 48 Wash.2d 373, 293 P.2d 759 (1956). Indeed, there is a special reason why the rule should be enforced in this particular context. As is alleged in this very case,[7] such a unilateral termination may well amount to a self-fulfilling prophecy, in that the child may become required to support himself simply because of the cessation of his payments. In order both to preclude that possibility and, more important, to achieve the high purpose of upholding the authority of an existing order of court, it is not too much to require that the issue be submitted for prior judicial determination.
For these reasons, the trial court is directed, after remand, to amend the order under review by entering judgment[8] *599 against Mr. Adams in the additional sum of $10,615.92, for a total of $17,122.14.
Remanded with directions.
NOTES
[1] In two other appearances of this case, Adams v. Adams, 357 So.2d 264 (Fla. 3d DCA 1978), and Adams v. Adams, 368 So.2d 958 (Fla. 3d DCA 1979), we approved an upward modification of the support provisions and considered orders holding the husband in contempt for failing to make the payments required.
[2] The basis of our decision makes it unnecessary to resolve the questions, which are in controversy, of whether the two boys were in fact self-supporting and, if they were, whether they became so only for the inequitable reason that their father had previously withheld their support payments. See text at note 7, infra.
[3] The majority in Hoffman based its decision on another ground and did not disagree with Judge Carroll's opinion to the following effect:

Without having sought modification of the decree because the boy no longer needed his support, the father simply stopped the support payments after he entered the Academy. More than a year later, the mother sued out a rule requiring the father to show cause why he should not be adjudged in contempt for such default. The court then ruled he should pay the defaulted amounts and currently maturing payments as ordered by the decree. The fact that the government was supporting the boy, was rejected as a defense to the rule to show cause. The father was caught there by a technicality. Had he first filed a petition to modify the decree, it can be assumed he would have been relieved of most if not all of the support required of him by the decree, so long as the minor son remained in the Air Force Academy. But when he offered the fact that the boy was in the Academy in response to the rule to show cause, the chancellor was justified, under respectable authority, in holding him to the terms of the unmodified decree.[3] While not having ruled on those precise facts, the Florida Supreme Court has held generally that a decree ordering alimony or child support must be obeyed until modified where the basis for claiming modification is one not expressly stated in the decree to have that effect.[4]
[3] Peacock v. Peacock, [212 Ga. 401, 93 S.E.2d 575]; Torras v. McDonald, [196 Ga. 347, 26 S.E.2d 598]; Corbridge v. Corbridge, [230 Ind. 201, 102 N.E.2d 764]; Carson v. Carson, 120 Ind. App. 1, 89 N.E.2d 555; Schrader v. Schrader, [148 Neb. 162, 26 N.W.2d 617]; Weitz v. Weitz, 1 A.D.2d 1025, 151 N.Y.S.2d 520.
[4] See McArthur v. McArthur, Fla. 1958, 106 So.2d 73, and cases cited therein. See also, English v. English, Fla.App. 1960, 117 So.2d 559; 10 Fla.Jur., Divorce, Separation & Annulment, §§ 202, 203, 219.
135 So.2d at 748-49 (footnote 2 omitted).
[4] If dicta in Langlois that "support payments may be terminated as of the date of emancipation," 365 So.2d at 180, suggest that a support order may be retroactively modified to a time before the filing of a motion to modify, we disapprove of that language.
[5] See note 3, supra.
[6] Obviously this principle does not apply when an indisputable, objective occurrence, such as remarriage or reaching the age of majority, takes place which, under the law or the terms of the judgment itself, automatically terminates a support obligation.
[7] See note 2, supra.
[8] Since the children are now emancipated by age, the order is, to this extent, not subject to enforcement by contempt. Johnson v. Johnson, 382 So.2d 427 (Fla. 3d DCA 1980).