FRANK D. UPCHURCH, Jr., Judge.
Jack Gale appeals from an order modifying a final divorce decree. Christiana Rose, the former Mrs. Gale, cross-appeals from the same order.
The divorce judgment was based, in part, on a separation and settlement agreement. Provision 6 of the agreement originally provided:
For the support of the Wife, Husband shall pay alimony in the amount of $800.00 per month. Said $800.00 having been agreed upon the basis of the Husband’s net salary claiming one dependent $1,959.23 per month. In addition to said $800.00 per month alimony, the Wife shall receive 20% of the Husband’s net salary after claiming one dependent which is in excess of $1,959.23 per month. Said alimony shall be payable on the first day of each and every month hereafter beginning the month subsequent to the execution hereof and continuing until the Wife dies, remarries, or otherwise takes up cohabitation, (emphasis added)
The underlined portion was subsequently changed to: “or is otherwise domiciled with a member of the opposite sex.” This change was initialed by both parties. The final judgment of dissolution of marriage, rendered September 1, 1976, basically adopted this provision of the separation and settlement agreement in paragraph 4. This paragraph provides in pertinent part:
The Respondent, JACK GALE, shall pay to the Clerk of the Circuit Court, Orange County, Florida, the sum of $800.00 per month for alimony to the Petitioner; such payments shall commence on the first day of October, 1976, and continue thereafter each month until the Petitioner dies, remarries, or is otherwise domiciled with a member of the opposite sex. (emphasis added)
Paragraph 5 of the final judgment incorporates the separation and settlement agreement.
On September 3, 1982, Rose filed a petition for rule to show cause alleging that Gale had failed to pay alimony and, as of August 18, 1982, was $30,000 in arrears. Gale answered alleging the following:
That the Respondent denies the allegations contained in paragraph two, and alleges that any obligation for the payment of periodic alimony as required by the Final Judgment of Dissolution of Marriage has been discharged because the Petitioner, CHRISTIANA ROSE, formerly TINA PLATT GALE, was domiciled, with a member of the opposite sex, to-wit: CLIFFORD WOLFSEHR at 751 Glenwood, Ashland, Oregon 97502, for a period of time beginning on or about January of 1980, and continuing until on or about May of 1980, and that during this period of time, petitioner’s previous residence, Route 1, Box 56A, Markham Woods Road, Longwood, Florida, was listed for sale and was vacant. The Re *478 spondent further alleges that subsequent to the entry of the Final Judgment for Dissolution of Marriage, his net salary after the claim of one dependent, has never exceeded One Thousand Nine Hundred Fifty-Nine Dollars . and Twenty-three cents ($1,959.23) per month.
At the hearing, the parties stipulated that the alimony payments were made up until March, 1980. In its final order, the trial court found that “based on all of the testimony and evidence presented in the hearing that the wife was, in fact, domiciled with a member of the opposite sex under the meaning of the final judgment of dissolution of marriage. The said domicile with member of the opposite sex started in December of 1979.” The court further found that “as a matter of law, the husband was required to make a motion for modification of final judgment in order to be relieved of the alimony payments in this case.” Thus, the court found the husband obligated to pay the wife $24,000.00. The court terminated the husband’s obligation to pay alimony as of September 29, 1982.
Gale contends that the termination of alimony was automatic when any of the conditions specified in the agreement and final judgment occur. While Rose concedes that a judicial determination is not necessary to determine when remarriage, death, or the age of majority of children occurs, she argues that judicial determination is necessary when the event, such as here, is not easily definable. She relies upon Adams v. Adams, 423 So.2d 596 (Fla. 3d DCA 1982), wherein the ex-husband was obligated to support his four children until they reached twenty-one or by further order of the court. The issue before the court was “whether, without filing a motion to modify, [the ex-husband] could unilaterally terminate those payments for two of the children on the ground that they had become self-supporting and emancipated before their twenty-first birthdays.” Id. at 597. The court found that a modification proceeding was indispensable.
Had Gale stopped making alimony payments to Rose based on a condition other than one set out in the final judgment, we would agree that the holding in Adams is applicable. However, Adams is clearly distinguishable. There, the duty of support terminated only upon the occurrence of one of two events: 1) when the children reached the age of twenty-one or 2) by court order. The husband had no right to unilaterally terminate support based on another reason. Here, the alimony payments automatically terminated upon the occurrence of any one of three events: 1) death of the wife; 2) remarriage of the wife; or 3) the wife being domiciled with a member of the opposite sex. Here, the trial court found that Rose had become domiciled with a member of the opposite sex in December of 1979. By operation of the final judgment, Rose’s right to alimony had clearly terminated at that time.
REVERSED.
ORFINGER, J., concurs.
SHARP, J., dissents in part, and concurs in part with opinion.