SHARP, Judge,
dissenting in part; concurring in part.
The provision that alimony would cease if the former wife became “domiciled” with a member of the opposite sex is not the typical terminology used in separation agreements and dissolution decrees. I question whether either party knew what the term meant. Domicile involves the resolution of conflicting facts in tax cases and cases determining personal jurisdiction. Not infrequently a person is found to have had two domiciles for purposes of imposing state taxes. See Peringer v. Franchise Tax Board, 105 Cal.App. 3d 514, 164 Cal. Rptr. 465 (1980); Whittell v. Franchise Tax Board, 231 Cal.App. 2d 278, 41 Cal Rptr. 673 (1964). Whatever domicile means in the post-dissolution context, we are bound by the trial court’s determination that it occurred in this case.
However, I think Judge Schwartz’ opinion in Adams v. Adams, 423 So.2d 596 (Fla.3d DCA 1982), is controlling on whether the alimony payments should be retroac *479 tively terminated back to the date the trial judge found the domiciling commenced. The determination in Adams that the two children had become self-supporting and emancipated, thereby ending their father’s obligation to pay child support, was not applied retroactively. As in this case, the event which triggered the termination was not something that one party could easily determine for himself, such as becoming eighteen or remarrying. Determining domicile, like emancipation, is a fact question, and it can only be determined by a court proceeding.
A party under court order to pay alimony or support should not be encouraged to cavalierly ignore the judgment, and, as it were, take the law into his own hands by making the determination that there is a legal reason to depart from the terms of the order. Only the court can make such a ruling, and it may do so only upon the filing of an appropriate pleading and then only prospectively .... to achieve the high purpose of upholding the authority of an existing order of court, it is not too much to require that the issue be submitted for prior judicial determination.
Adams at 598.