788 So.2d 1092 (2001)
Edward S. ROBINSON, Appellant,
v.
Susan Rogers ROBINSON, Appellee.
No. 4D01-126.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
Rehearing Denied August 1, 2001.
*1093 Robert L. Bogen of Law Offices of Robert L. Bogen, Boca Raton, for appellant.
August La Rocco of Fixel & La Rocco, Hollywood, for appellee.
PER CURIAM.
Edward Robinson (Husband), timely appeals the trial court's order granting in part Susan Robinson's (Wife) motion for contempt, fees and costs filed in response to Husband's petition for modification and termination of alimony. We affirm in part and reverse in part.
The parties were married for one-and-one-half years and had no children. The parties entered into a marital settlement agreement ("the Agreement") which the trial court incorporated into the final divorce decree entered on December 18, 1989. The Agreement provided that the Husband would pay the sum of $3,800.00 per month to the Wife in periodic permanent alimony. The Agreement also provided that the Husband's alimony obligation would terminate upon: (1) the remarriage of the Wife; (2) the death of the husband; (3) the death of the Wife; or, (4) the Wife's cohabitation with another male defined as an unmarried union or relationship extending over a thirty-day period of time, although said thirty-day period may not be consecutive in nature.
Ten years after the final decree, the Husband unilaterally ceased making payments and filed a petition for modification and termination of alimony that alleged the Wife's cohabitation. In response the Wife filed a motion for contempt, fees and costs, alleging that the Husband could not unilaterally discharge his obligation absent a ruling from the court.
At a hearing on the motion, the Husband admitted that he had not paid alimony to the Wife for four months. Instead, the Husband had deposited the amount of the alimony payments with his attorney to be held pending the outcome of the action below. At the contempt hearing the Husband unsuccessfully argued that the Agreement specifically provided for the *1094 termination of the alimony obligation if the Wife cohabited with a man for thirty days or more, and since the Wife was cohabiting with a man the alimony portion of the Agreement could be automatically terminated.
In response, the Wife asserted that a modification hearing must precede the modification or termination of the alimony obligation; therefore, evidence of her cohabitation should not be introduced in the contempt action. The trial court agreed and, although the Husband was not held in contempt, the trial court did order the payment of all back alimony payments. We agree with the trial court on that issue.
At a hearing on a motion for contempt in support matters, a court is concerned with limited issues: (1) whether a prior order directing payment of support was entered, and (2) whether the alleged contemnor has failed to pay the support. See Fla. Fam. L.R.P. 12.615(c)(1). Here it is undisputed that the Husband has failed to pay the alimony obligation for four months. The Husband, relying upon Adams v. Adams, 423 So.2d 596, 598 n. 6 (Fla. 3d DCA 1982), contends that the Wife's cohabitation is an indisputable, objective occurrence that would automatically terminate the support obligation. We find the Husband's argument misplaced. In Adams the Third District addressed a similar unilateral termination of support by a former husband and held that the obligated spouse
may not cavalierly ... take the law into his own hands by making the determination that there is a legal reason to depart from the terms of the order. Only the court can make such a ruling, and it may do so only upon the filing of an appropriate pleading.
Id. at 598. Footnote six of this opinion, with which the Husband seeks to limit the above language, reads: "this principal does not apply when an indisputable, objective occurrence, such as a remarriage or reaching the age of majority, takes place." Id. at 598 n. 6. We do not find, as the Husband would have us do, that the Wife's cohabitation is an "indisputable, objective occurrence." Id. Therefore, given the limited issues the trial court must address in a contempt motion, it was proper to exclude the Husband's proffered evidence of cohabitation at the hearing.
The second issue raised by the Husband addresses the modification petition directly. The Husband asserts that the plain terms of the negotiated Agreement explicitly provide for termination of alimony upon the Wife's cohabitation with another male. Therefore, the trial court improperly interfered with the parties' agreement by requiring consideration of "financial impact" as a prerequisite to modification of alimony. We agree.
A trial court is without authority to alter the respective rights and obligations of the parties that become fixed by the terms of a final judgment of dissolution of marriage. See Altieri v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977). When the terms of alimony are determined by a property settlement agreement negotiated between the parties, and approved by the trial court, the provisions will be interpreted in accordance with contract principals. See Kenyon v. Kenyan, 496 So.2d 839 (Fla. 2d DCA 1986). Here, the parties negotiated a mutually agreeable settlement at the time of the divorce. The terms of the alimony clause are clear: alimony is to terminate in the event of the Wife's cohabitation with another male. The trial court approved this settlement and incorporated it by reference into the final judgment of dissolution of marriage. Because the language is clear, the only remaining question for the trial court, is whether the Wife's current living arrangement amounts to "cohabitation" under the Agreement.
*1095 The Wife urges us to adopt this Court's decision in DiBartolomeo v. DiBartolomeo, 679 So.2d 72 (Fla. 4th DCA 1996), as our guide in this case. The Wife asserts that DiBartolomeo stands for the proposition that "cohabitation alone cannot precipitate a termination of alimony without the factual finding of a change in circumstances." Id. at 73. We decline to read DiBartolomeo in such a way. In DiBartolomeo, the final judgment of dissolution of marriage awarded the former wife alimony subject to termination if "she... cohabits with a member of the opposite sex." Id. at 72. This clause was included in the judgment even though there was no mutually agreed upon settlement agreement. Id. at 73. This Court struck down the provision saying:

Absent a valid settlement agreement between the parties, a trial judge may not include a provision in a final judgment automatically terminating alimony upon the receiving spouse's cohabitation with another. To justify a post judgment modification, the focus should not be so much on the cohabitation as on how the living situation has impacted the former spouse's financial condition and need for continued support.
Id. (emphasis added). We find that DiBartolomeo must be limited to its facts and a finding of financial impact is not a prerequisite to a termination of alimony when the parties' negotiated settlement agreement contains mutually agreed to conditions under which the alimony obligation will terminate.
In sum, the trial court did not err in excluding evidence of the Wife's cohabitation at the contempt hearing. However, it was reversible error for the trial court to require the Husband to show that the Wife was financially impacted by the cohabitation before it would enforce the Agreement and terminate the Husband's alimony obligation. Accordingly, the case is remanded for the trial court to reconsider the Husband's petition for modification of alimony in accordance with this opinion.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER, GROSS and TAYLOR, JJ., concur.