832 So.2d 266 (2002)
Jayne WELLS, Appellant,
v.
Ronald WELLS, Appellee.
No. 4D02-102.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
*267 William E. Raikes, III, Fort Pierce, for appellant.
William F. Gallese, Port St. Lucie, for appellee.
TAYLOR, J.
The former wife appeals the trial court's failure to enforce a provision of the mediation agreement requiring the former husband to transfer the marital dwelling to the former wife. She also appeals the court's failure to hold the former husband *268 in contempt for his refusal to pay the total sum due on his child support arrearage.
The marriage was dissolved by a final judgment entered on March 13, 2001. The final judgment ratified and incorporated the mediation agreement executed by the parties on January 11, 2001 and approved by the court on February 12, 2001. The final judgment ordered the parties to comply with the mediation agreement and retained jurisdiction to enforce its provisions.
The mediation agreement provided for shared parental responsibility for the parties' two minor children, with the wife as the primary residential parent. Paragraph 3 of the agreement provided that the husband would transfer to the wife the $15,863.54 balance contained in an annuity fund; if the value of the annuity decreased, the husband would pay any difference to the wife. Paragraph 4 of the agreement provided that the transfer of this sum was "in full and complete payment of any child support arrearage" through January 11, 2001.
Paragraph 5 of the agreement required the husband to pay child support in the sum of $866.00 per month, payable to the wife on January 15, 2001, and each month thereafter. According to paragraph 8, the husband was to have the exclusive use and possession of the marital home but, pursuant to paragraph 9, in the event he were ever thirty days late in any child support payment, the husband would forfeit his interest in the home and quit-claim it to the wife (unless the lateness were due to injury or disability, in which case the home would be sold and the proceeds divided equally between the parties). Both parties were represented by counsel at the time of the agreement.
On November 26, 2001, the former wife filed a motion for contempt, alleging that the annuity fund she received from the former husband had decreased in value by $696 and the husband had refused to pay the deficit. In addition, she alleged that the former husband had been more than thirty days late on his child support payment on numerous occasions, and that he should be held in contempt for failing to transfer his interest in the marital home to her as agreed.
Following a hearing on the motion, the trial court found that the former husband owed the former wife the $696 difference between the value of the annuity at the time of the agreement and time of transfer. However, the trial court concluded that only a judgment for that amount could be entered and that the former husband could not be held in contempt because the $696 payment obligation was in the nature of a property settlement. We disagree. As stated above, paragraph 4 of the mediation agreement provided that the transfer of this sum was "in full and complete payment of any child support arrearages" through January 11, 2001. Because the obligation was expressly made to discharge the husband's child support arrearage, it was enforceable by contempt.
The former wife also argues that the court erred in refusing to require the former husband to transfer his interest in the marital home to her pursuant to the mediation agreement. Despite the trial court's determination that the husband was more than thirty days late in paying child support, the court refused to enforce that portion of the mediation agreement, sua sponte finding it unconscionable.
However, the mediation agreement could not be voided by the trial court during contempt proceedings, because it was incorporated into the final judgment, and the former husband neither objected to the agreement prior to its inclusion in the final judgment, appealed from the final judgment, nor filed a motion for relief *269 from judgment. At a hearing on a motion for contempt in support matters, a court is concerned with limited issues: (1) whether a prior order directing payment of support was entered, and (2) whether the alleged contemnor has failed to pay the support. Robinson v. Robinson, 788 So.2d 1092, 1094 (Fla. 4th DCA 2001). The court lacks authority to alter the respective rights and obligations of the parties that have become fixed by the terms of a final judgment of dissolution of marriage.[1]Id. See also Macar v. Macar, 803 So.2d 707 (Fla.2001)(holding that challenges made to marital settlement agreements made after extensive litigation and discovery should be controlled by rule 1.540); Chastain v. Chastain, 73 So.2d 66 (Fla.1954)(where there was no appeal from final divorce decree, parties' needs and abilities had become res judicata except to extent of modifying alimony in accordance with public policy).
Moreover, the agreement settling the dissolution of marriage litigation was not subject to a "fair and reasonable" inquiry by the court. Petracca v. Petracca, 706 So.2d 904, 912 (Fla. 4th DCA 1998), approved and adopted in Macar, 803 So.2d at 712, (holding that trial court properly denied wife's motion to invalidate agreement settling divorce litigation because agreement was not subject to a "reasonableness" challenge and could not be opened, altered, or set aside without assent of parties in absence of fraud, misrepresentation in the discovery, or coercion). Here, the husband made no allegations of fraud or coercion to justify the trial court's invalidation of the settlement agreement. Even if the provision of the mediation agreement requiring the former husband to transfer his interest in the home was a bad bargain on his part, such provision would nevertheless be enforceable. "Bad domestic bargainsmeaning unfair or unreasonable property and monetary settlement agreementsare nevertheless enforceable so long as they are knowing, voluntary, and not otherwise against public policy." Petracca, 706 So.2d at 911 (discussing Casto v. Casto, 508 So.2d 330 (Fla. 1987)).
In sum, the former husband agreed to the marital settlement provision requiring him to transfer his interest in the marital home if he made a child support payment thirty days or more late. He did not challenge this provision either before or after it was incorporated into the final judgment. Thus, at the hearing on the wife's contempt motion, the trial court was limited to determining whether the husband's conduct in making a late child support payment triggered this provision. It could not interfere with the parties' agreement by finding it unconscionable and refusing to enforce it. Accordingly, we reverse and remand this matter for further proceedings consistent with this opinion. See, e.g., Burke v. Burke, 336 So.2d 1237, 1238 (Fla. 4th DCA 1976)(affirming order holding former husband in contempt where he willfully failed to comply with agreement to execute certain documents as required by property settlement agreement incorporated in final judgment and acts required did not involve payment of money).
REVERSED and REMANDED.
POLEN, C.J., and HAZOURI, JJ., concur.
NOTES
[1] Of course, if the party being cited for contempt has filed a motion for modification for consideration in the same proceeding, the trial court would have authority to alter or amend the obligations.